517 So.2d 1245 (1987)
Bernice BENNETT
v.
CORROON AND BLACK CORPORATION, Corroon and Black of Louisiana.
No. CA-7730.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Writ Denied February 26, 1988.
*1246 David W. Oestreicher, II, Oestreicher, Whalen & Hackett, New Orleans, for plaintiff-appellant Bernice Bennett.
Dermot S. McGlinchey, Robert B. Mitchell, T.A., Eve Barrie Masinter, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendants-appellees Corroon & Black Corp. and Corroon & Black of Louisiana, Inc.
Before KLEES, CIACCIO and ARMSTRONG, JJ.
KLEES, Judge.
Plaintiff, Bernice Bennett instituted suit against her former employer Corroon and Black of Louisiana, Inc., and its parent company, Corroon & Black Corporation alleging sex discrimination and sexual harassment, violations of LSA-R.S. 23:1006. The trial court dismissed the claim after maintaining defendant's exceptions of no cause of action. The court further held that defendants were not liable under the doctrine of respondeat superior because plaintiff failed to show that employees who committed the alleged offensive conduct were acting in the course and scope of their employment. From this dismissal plaintiff appeals.
Bernice Bennett was employed by Corroon & Black Corporation as a client service representative. On December 5, 1985, plaintiff was informed that there were obscene cartoons depicting her posted in the interior walls of a toilet stall in Corroon & Black's fifth floor men's restroom. The cartoons, taken from magazines and other sources, were sexually oriented, and the characters were labeled depicting several of Corroon & Blacks' male and female employees. After learning of their existence, plaintiff went into the men's restroom after work hours, and found between ten and twenty cartoons on the walls. Three of those cartoons were labeled with her name and depicted her engaged in crude and deviant sexual activities. She removed three of the cartoons, cleared her desk of her belongings and walked out. She never returned to Corroon & Black. Plaintiff later sought psychiatric counseling and eventually obtained employment with a different insurance company. This suit followed.
The following issues are before us on appeal: 1) whether the trial court erred in finding that plaintiff failed to state a cause of action under La. R.S. 23:1006? and 2) whether the trial court erred in ruling that defendants were not liable under the doctrine of respondeat superior?
LSA-R.S. 23:1006 provides for employee suits against employers for intentional discrimination based upon race, color, religion, sex or national origin. The Louisiana anti-discrimination statute is similar in scope to the federal prohibitions against discrimination embodied in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (1986). As we have in the past, we will look to the federal statute in determining whether plaintiff has asserted a cause of action for sexual discrimination. Dawson v. New Orleans Clerks and Checkers Union, Local 1497 International Longshoremen's Association, AFL-CIO *1247 and New Orleans Steamship Association, 483 So.2d 249 (La.App. 4th Cir.1986).
Title VII of the Civil Rights Act of 1964 states that, "[i]t shall be an unlawful employment practice for an employer ... to discriminate against an individual with respect to his ... terms, conditions or privileges of employment, because of such individual's... sex...." 42 U.S.C. § 2000e-2(a)(1), § 703 (a)(1) of Title VII.
The United States Supreme Court in the recent case of Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, ___, 106 S.Ct. 2399, 2406, 91 L.Ed.2d 49 (1986), dealt with the issue of sexual harassment. The court said, "not all workplace conduct that may be described as `harassment' affects a `term, condition, or privilege' of employment within the meaning of Title VII." The Court further stated that "For sexual harassment to be actionable, it must be sufficiently severe or pervasive `to alter the conditions of [the victim's] employment and create an abusive working environment.'" See also Rogers v. EEOC, 454 F.2d 234 (5th Cir.1971), cert denied, 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed. 343 (1972); Henson v. Dundee, 682 F.2d 897, 904 (11th Cir.1982).
Case law indicates that Title VII violations may be predicated on either of two types of sexual harassment: harassment that involves the conditioning of concrete employment benefits on sexual favors, and harassment that, while not affecting economic benefits, creates a hostile or offensive working environment. Meritor, supra, 477 U.S. at ___, 106 S.Ct. at 2396; Bundy v. Jackson, 205 U.S.App.D.C. 444, 641 F.2d 934 (1981).
Plaintiff's suit does not make a "quid pro quo" claim but rather, alleges that the working environment was offensive and constituted harassment which the employer knew or should have known about and failed to take appropriate action.
To prevail in a Title VII offensive work environment sexual harassment action, plaintiff must assert and prove that:
(1) she was a member of a protected class;
(2) she was subjected to unwelcomed sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature;
(3) the harassment complained of was based on her sex;
(4) the charged sexual harassment had the effect of unreasonably interfering with her work performance and creating an intimidating hostile or offensive working environment that seriously affected her psychological well-being; and,
(5) the existence of respondeat superior liability.
Rabidue v. Osceola Refining Company, 805 F.2d 611, 619-620 (6th Cir.1986).
Thus, to prove a claim of abusive work environment premised upon sexual harassment, a plaintiff must demonstrate that she would not have been the object of harassment but for her sex. Rabidue, supra at 620; Henson, supra at 904. In this matter, plaintiff has failed to demonstrate such. Although the cartoons were sexually oriented, crude, deviant and personally offensive, plaintiff has not shown that they were labeled with her name merely because of her sex. The cartoons in the men's room were labeled with the names of both male and female employees. This fact precludes plaintiff from establishing a case of sexual harassment. It is well settled that instances of complained of sexual conduct that prove equally offensive to male and female workers would not support a Title VII sexual harassment charge because both men and women were accorded like treatment. Rabidue, supra; Henson, supra. Although offensive, the posting of the cartoon was not discriminatory. It did not create a working environment which significantly and adversely affected plaintiff because of her sex and thus, was not a violation of Title VII or LSA-R.S. 23:1006.
The second issue to be addressed is whether the trial court erred in ruling that defendants were not liable under the doctrine of respondeat superior regarding plaintiff's sexual harassment and defamation claims.
*1248 The trial court found that the cartoon posting in the men's room was not closely connected to the employment duties of defendants' employees and that plaintiff failed to state a cause of action against defendants, either for sexual harassment or defamation. We agree.
Any liability on the part of the defendants must be based upon the doctrine of respondeat superior. La.Civ.Code art. 2320. Only in the capacity of "employer" can defendant corporation and its supervisory personnel be held responsible for the cartoon posting.
To establish respondeat superior liability against an employer in Louisiana a court must find:
(1) The existence of an employer/employee relationship;
(2) Negligence or a tortious act on the part of an employee; and that
(3) The act complained of was committed in the course and scope of employment.
Moreau v. Landry, 305 So.2d 671 (La.App. 1st Cir.1974).
Plaintiff alleges that both executive and supervisory personnel of defendant corporation knew or should have known of the defamatory depictions, but she fails to demonstrate that the employees who committed the complained of conduct were acting within the course and scope of their employment. The applicable test to determine whether an employee's conduct falls within the course and scope of his employment was set forth in LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974). The test is whether, "the employee's tortious conduct was so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest." (Emphasis ours). See also Puccio v. Finch, 454 So.2d 272 (La.App. 4th Cir.1984); Cain v. Doe, 378 So.2d 549 (La.App. 4th Cir.1979); Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir.1978).
Defendant company is an insurance brokerage firm. Its work encompasses insurance sales, procuring insurance for clients and processing of their claims. The complained of conduct, cartoon posting, was not included among the duties of an employee of the defendant insurance brokerage firm nor was it attributable to the business. The evidence indicates that it was a crude, tactless act motivated by an employee's ill-humor and personal consideration and was entirely foreign to defendant's business activities.
A corporation may also be liable for the defamation of its employees when the employer authorized or ratified the defamatory remark. La.Civ.Code art. 2320. Ardoyno v. Ungar, 352 So.2d 320 (La.App. 4th Cir.1977), writ den., 354 So.2d 210 (La. 1978); Note Agency-Scope of Employment-Liability of Corporation for Tort of Agent, 1 La. L.Rev. 449 (1939). We conclude that the defamatory statement, the posting of obscene cartoons labeled with plaintiff's name, was not made by an employee acting within the course and scope of his employment or for his employer's interests. Likewise, we find, based on the evidence that defendant employers neither authorized nor ratified the defamatory conduct. Once notified of the incident, the defendant parent corporation took immediate remedial measures to correct the situation. It conducted a complete in-house investigation of the defendant Louisiana company and terminated its CEO. Defendant parent corporation in no way authorized or ratified the alleged defamatory conduct. To the contrary, it promptly addressed the problem expressing its disapproval to all employees making certain that such conduct would not be tolerated in the future.
Plaintiff also argues that the executive personnel of defendant corporation had a positive duty to keep the work place free from sexual harassment. We disagree. While an employer has an affirmative duty to eradicate a "hostile or offensive" work environment, there is no legal duty imposed on the employer to implement a system to keep a workplace free from sexual *1249 harassment. Nor is there a duty on the employer to maintain a pristine working environment. Defendant corporation's policy was for employees to report any offensive conduct or complaints to supervisory personnel. There is no evidence in the record to indicate that employees were discouraged from doing so or that this policy did not afford employees appropriate protection. Plaintiff, certainly highly offended and embarassed, chose not to report the incident but rather resigned. Plaintiff, as we have concluded, was not the victim of a Title VII sexual harassment violation, but was the unfortunate victim of an individual's tasteless prank. Throughout life, one will hear, see and may even be the target of such profane and tactless comments and conduct, but this is not enough to state a claim for sexual harassment, nor is it enough to impose a legal duty on an employer to set up a system to prevent sexual harassment.
Defendant-Appellee in its Answer to Appeal contends that the trial judge erred in its denial of Appellee's Motion for Attorneys' Fees and Costs filed in this matter. While we conclude that the trial judge correctly sustained defendants' Exceptions of No Cause of Action, we find no error in the trial courts' judgment denying Appellee's Motion for Attorneys' Fees and Costs.
Accordingly, for the foregoing reasons we find the trial court properly dismissed plaintiff's claim for failing to state a cause of action for intentional sexual discrimination or harassment under LSA-R.S. 23:1006 and correctly determine that there was no respondeat superior liability on the part of the defendants. Further, the trial court properly denied Appellee's Motion for Attorneys' Fees and Costs.
AFFIRMED.