539 So.2d 675 (1989)
Denise POLK, Plaintiff-Appellant,
v.
Terri POLLARD, Charles Red, etc., Defendants-Appellees.
No. 87-1223.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Homer C. Singleton, Jr., Lake Charles, for plaintiff-appellant.
H. Gayle Marshall, Lake Charles, McCalla, Thompson, Pyburn & Ridley, Keith M. Pyburn, Jr., New Orleans, for defendants-appellees.
Before FORET, LABORDE and YELVERTON, JJ.
*676 YELVERTON, Judge.
This is a suit for damages for wrongful termination of employment. Each of the four defendants in the case filed an exception of no cause of action; all exceptions were maintained by the district judge and the suit was dismissed. The plaintiff, Denise Polk, has appealed. We affirm.
The petition pleaded several theories for recovery. On this appeal, plaintiff in brief expressly abandons the argument that the termination in and of itself was wrongful, conceding that this was an "at will" term of employment. She also abandons the claim based on interference with contractual relations, conceding that the present state of the law does not recognize such a cause of action based on the pleaded facts.
The sole issue on appeal is whether the allegations regarding discrimination because of sex, in violation of La. R.S. 23:1006, state a cause of action.
The exception of no cause of action is triable on the face of the papers, and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La. C.C.P. art. 927; Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). Accordingly we accept as true the following allegations of the petition solely to test whether the petition states a cause of action of discrimination because of sex in violation of R.S. 23:1006.

THE PETITION
In her petition Denise Polk identifies the four defendants as (1) her former employer, Industrial Design Service, Inc. (I.D.S.), (2) Conoco, Inc., for which I.D.S. provided drafting services under contract, (3) Charles Red, Conoco's drafting supervisor who supervised and enforced the contract between Conoco and I.D.S., and (4) Terri Pollard, an employee of I.D.S. The petition alleged that Charles Red had the authority to terminate I.D.S. employees, and that Charles Red terminated Denise on September 2, 1986. Ms. Polk further alleged that Charles Red and Terri Pollard conspired together and acted in concert to fire her. Her termination, according to the petition, "resulted from sexual discrimination for the reason that CHARLES RED terminated plaintiff at the request, instigation or on behalf of defendant, TERRI POLLARD, because of his intimate relations with her [Terri Pollard], including receipt of sexual favors." In short, Polk alleges that she was fired because Pollard asked Red to do it, and Red did it for Pollard because of a sexual relationship between Red and Pollard.

THE LOUISIANA ANTI-DISCRIMINATION LAW
LSA-R.S. 23:1006(B) provides:
"B. It shall be unlawful discrimination in employment for an employer to:
"(1) Intentionally fail or refuse to hire, refer, discharge, or to otherwise intentionally discriminate against or in favor of an individual with respect to compensation, terms, conditions, or privileges of employment, because of race, color, religion, sex, or national origin; or
"(2) Intentionally limit, segregate, or classify an employee in a way which would deprive an individual of employment opportunities, give a favor or advantage to one individual over another, or otherwise adversely or favorably affect the status of an employee because of race, color, religion, sex, or national origin. Provided, however, that nothing contained herein shall be construed so as to create a cause of action against any employer for employment practices pursuant to any affirmative action plan."
R.S. 23:1006 is similar in scope to the federal statutes prohibiting sex discrimination embodied in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. Thus, it is appropriate, when interpreting our own law, to consider interpretations of the federal statutes. Bennett v. Corroon and Black Corp., 517 So.2d 1245 (La.App. 4th Cir.1987), writ den. 520 So.2d 425 (La.1988).
As explained in Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 249 (1986), there are two types of *677 sexual harassment in the work place. They are commonly referred to as "quid pro quo" and "hostile work environment". The first is employment or economic advantage given in exchange for granting or receiving sexual favors. The second refers to verbal or physical acts that create a hostile or offensive environment. Although she appears to concede that the case at hand does not fit neatly into either category, Ms. Polk asserts that it still should be classified as a "quid pro quo" type of harassment.
The court in DeCintio v. Westchester County Medical Center, 807 F.2d 304 (2nd Cir.1986), cert. den. ___ U.S. ___, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987), defined "sex" in the context of Title VII:
"`Sex,' when read in this context, logically could only refer to membership in a class delineated by gender, rather than sexual activity regardless of gender."
The case of Rabidue v. Osceola Refining Co., 805 F.2d 611 (6th Cir.1986), cert. denied 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed. 2d 823 (1987), sets forth a list of factors that must be asserted and proved in order to prevail in a sex discrimination case:
"(1) the employee was a member of a protected class; (2) the employee was subjected to unwelcomed sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (3) the harassment complained of was based upon sex; (4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment that affected seriously the psycho logical well-being of the plaintiff; and (5) the existence of respondeat superior liability."
In the case at hand, assuming as true the facts alleged in the petition, Denise was not pressured in any way to offer or to receive sexual favors in exchange for employment or economic advantage. She was not subjected to any verbal or physical harassment at work or at home. The only connection sex had in her discharge was the alleged sexual relationship between two other persons, Mr. Red and Ms. Pollard, which resulted in Denise's unemployment. Another employee of the male gender could have been discharged in the same situation. Therefore, Denise's gender was not a factor in her discharge. As noted in Rabidue,
"It is of significance to note that instances of complained of sexual conduct that prove equally offensive to male and female workers would not support a Title VII sexual harassment charge because both men and women were accorded like treatment."
The same issue we are facing was presented in DeCintio, supra. There, seven male physical therapists brought an action against their employer, Westchester County Medical Center, for failure of the employer to promote one of them to a higher paying position. There was a requirement for all applicants who applied for the position of Assistant Chief to be registered with the National Board of Respirator Therapists (NBRT). None of the seven male therapists were registered. A woman who was NBRT registered and who was allegedly having an affair with the supervisor who was hiring for the position, was awarded the job. The issue in that case was:
"... whether, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1982), the phrase `discrimination on the basis of sex' encompasses disparate treatment premised not on one's gender, but rather on a romantic relationship between an employer and a person preferentially hired."
The court held that
"Ryan's conduct (supervisor), although unfair, simply did not violate Title VII. Appellees were not prejudiced because of their status as males; rather, they were discriminated against because Ryan (supervisor) preferred his paramour."
See also, Miller v. Aluminum Company of America, 679 F.Supp. 495 (W.D.Pa. 1988), where it was held that, as a matter of law, "preferential treatment on the basis of a consensual romantic relationship between *678 a supervisor and an employee is not gender-based discrimination."
In the present case, Denise has not shown a cause of action for her discharge based on the fact that she is a woman. She is not a member of a particular group that has been discriminated against because of her gender. Even if in fact she had been discharged because of an intimate relationship between Pollard and Red, this would not constitute a cause of action under LSA-R.S. 23:1006.
For these reasons, we hold that the trial judge properly sustained the exceptions on behalf of all defendants. The judgment of the trial court is affirmed. Plaintiff will pay the costs of this appeal.
AFFIRMED.