589 So.2d 63 (1991)
Ruth and Edward Lee BROWN
v.
Eddie VAUGHN, Federal Express Corporation and XYZ Insurance Company.
No. CA 90 1502.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*64 Dr. Clarence H. Thornton, Jr., Otha C. Nelson, Baton Rouge, for plaintiff-appellant Ruth and Edward Brown.
Murphy J. Foster, III, Baton Rouge, for defendant-appellee Federal Exp. Corp.
Lewis O. Unglesby, Karl Koch, Baton Rouge, for defendant-appellee, Eddie Vaughn.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
The issue in this sexual discrimination suit is whether each of several alleged acts of harassment of plaintiff, Ruth A. Brown, by her supervisor constituted a distinct claim for sexual harassment so that prescription ran separately for each individual act from the date of its occurrence.
In December of 1987, Mrs Brown was employed as a courier by defendant, Federal Express, at its Baton Rouge facility; co-defendant, Eddie Vaughn, was her immediate supervisor. Beginning on December 5, 1987, five incidents allegedly occurred during which Vaughn, either in person or during telephone conversations, made statements or advances to Brown of a sexual nature. The dates of these incidents, in addition to the initial one on December 5, were December 12 and 20, 1987, February 12, 1988 and April 19, 1988. Mrs. Brown went on psychological disability leave from Federal Express sometime in January, 1988 and has not returned to work since that time.
Mrs. Brown and her husband, Edward Lee Brown, filed the present suit for damages for sexual harassment on April 18, 1989. A peremptory exception raising the objection of prescription was filed by Eddie Vaughn on the basis that each of the incidents complained of, with the exception of the final one of April 19, 1987, occurred more than one year before the filing of the suit by plaintiffs. In ruling on the exception, the trial court concluded that the alleged incidents of sexual harassment were "separate and independent tortious acts" and rendered judgment that any claim by plaintiffs based on conduct which had not occurred within one year of the date suit was filed had prescribed. Plaintiffs now appeal this judgment.
Plaintiffs base their claim upon La.R.S. 23:1006,[1] which prohibits intentional employment discrimination on the basis of *65 sex. Under the jurisprudence, there are two types of sexual discrimination or harassment in the work place: (1) quid pro quo harassment (the giving or conditioning of employment, benefits or other employment advantages in exchange for sexual favors) and (2) hostile envirorment harassment (verbal or physical acts which have the effect of creating an intimidating, hostile or offensive environment). Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); Polk v. Pollard, 539 So.2d 675 (La.App. 3rd Cir. 1989); Bennett v. Corroon And Black Corp., 517 So.2d 1245 (La.App. 4th Cir. 1987), writ denied, 520 So.2d 425 (1988).
In the present suit, plaintiffs made a claim of hostile environment sexual harassment. The type of conduct constituting such harassment includes unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. Meritor, 106 S.Ct. at 2404. Such misconduct constitutes sexual harassment regardless of whether it is directly linked to the grant or denial of an economic quid pro quo, if the purpose or effect of the misconduct is to unreasonably interfere with an individual's work performances or to create an intimidating, hostile, or offensive working environment. Every act of harassment, although reprehensible, does not necessarily give rise to a hostile environment claim. To be actionable, the harassment must be sufficiently severe or pervasive as to alter the conditions of the victim's employment and create an abusive, hostile environment. Meritor, 106 S.Ct. at 2404-5.
In general, hostile environment harassment is characterized by multiple and varied incidents of offensive conduct which have the cumulative effect of creating a hostile working environment for the employee thus victimized.[2] See Rabidue v. Osceola Refining Co., 805 F.2d 611, 620 (6th Cir.1986). Mindful of this fact, we do not believe in the instant case that each of the five alleged incidents constituted an independent claim for sexual harassment so that plaintiffs had five separate claims for sexual discrimination, but rather that it was the pattern of harassment and the combination of these incidents that gave rise to plaintiffs' claim for harassment. We disagree with the trial court's conclusion that each of the alleged five incidents was a separate tort. In fact, we do not believe these incidents, with one or two possible exceptions, were of sufficient severity to separately comprise an independent claim for harassment, whereas taken together, they may be of sufficient severity and pervasiveness to establish such a claim.
The trial court's reliance on Laughlin v. Breaux, 515 So.2d 480 (La.App. 1st Cir. 1987), in support of its ruling was misplaced. In Laughlin, this panel held that although several different incidents of physical abuse combined to produce the plaintiff's Battered Woman's Syndrome, each instance of physical abuse constituted a separate assault and battery giving rise to a separate cause of action, so that prescription ran as to each assault and battery from the time of its occurrence. Laughlin, 515 So.2d at 482. The present case is clearly distinguishable in view of our conclusion that each of the alleged incidents of Vaughn's misconduct, in contrast to Laughlin where each assault and battery was clearly a separate tort, did not constitute a separate cause of action for harassment, but rather, that it was the pattern of harassment which gave rise to plaintiffs' hostile environment claim. Accordingly, plaintiffs' suit, which was filed within one year of the final act of alleged misconduct by Vaughn, was timely as to plaintiffs' entire claim for sexual harassment beginning with the incident which occurred on December 5, 1987.
For the reasons assigned, the judgment of the trial court is reversed and judgment is hereby entered denying the exception of prescription filed in this suit. This matter is remanded to the trial court for further *66 proceedings consistent with this opinion. All costs of this appeal are to be paid by defendant-appellee.
REVERSED AND RENDERED; CASE REMANDED.
COVINGTON, C.J., concurs and assigns reasons.
COVINGTON, Chief Judge, concurs for the following reasons:
I write separately to note the February 28, 1990 judgment is the only judgment before this court. It maintained the peremptory exception of prescription filed by Eddie Vaughn. This is the judgment that is reversed.
The "amended judgment" dated May 3, 1990, which is included in the record, is not before this court. It purports to maintain a peremptory exception of prescription filed by Federal Express. However, nowhere in the record is there found such an exception filed by Federal Express.
In addition, as a matter of law, this "amended judgment" is null. The jurisdiction of the trial court is divested over all matters upon the granting of the order of appeal, and the trial court may only alter phraseology or correct calculation errors in an amended judgment. La.C.C.P. articles 2088 and 1951. The addition of a party is a substantive change and is null. Consolidated Credit Corp. v. Forkner, 219 So.2d 213 (La.App. 1st Cir.1969). Cheramie v. Archer, 360 So.2d 537 (La.App. 1st Cir. 1978).
NOTES
[1] This anti-discrimination statute is similar in scope to the federal prohibition against discrimination encompassed in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended. Accordingly, in interpreting R.S. 23:1006, Louisiana courts traditionally have looked to jurisprudence interpreting the federal statute. Polk v. Pollard, 539 So.2d 675, 676 (La.App. 3rd Cir.1989); Bennett v. Corroon And Black Corp., 517 So.2d 1245, 1246 (La.App. 4th Cir.1987), writ denied, 520 So.2d 425 (1988).
[2] However, the jurisprudence has not excluded the possibility that a single incident may constitute hostile environment harassment if it is of a sufficiently severe nature. See Carrero v. New York City Housing Authority, 890 F.2d 569, 578 (2d Cir.1989).