653 So.2d 182 (1995)
Rachel Khristin SPEARS, Plaintiff-Appellant
v.
ROUNTREE OLDSMOBILE-CADILLAC CO., and David Addison, Defendants-Appellees.
No. 26,810-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1995.
*183 Nelson W. Cameron, Shreveport, for appellant.
Weems, Wright, Schimpf, Hayter and Carmouche by Mark A. Perkins, Carey T. Schimpf and Kelly R. Day, Shreveport, for appellees.
Before MARVIN, C.J., and STEWART, J., and PRICE, J. Pro Tem.
MARVIN, Chief Judge.
In this action against her employer, Rountree Oldsmobile-Cadillac Company, and a coemployee, David Addison, alleging sexual harassment in the workplace, Rachel Spears appeals a summary judgment dismissing her demands.
We affirm.

FACTS
Rachel K. Spears worked part time as a receptionist for Rountree Oldsmobile-Cadillac Company, usually on some Saturdays, from August to October 1992. During that time, she alleges she was harassed by another employee, David Addison. She claims he made inappropriate comments about her anatomy, told her crude jokes, touched her hand without her consent, and asked her out to lunch or for a drink. In the final incident Spears claims Addison asked her to accompany him in delivering a car to a customer, promising that afterwards they would get a bottle of wine. All the incidents occurred while the two were alone. Spears reported the final incident to her "managers" (supervisors).
Spears' deposition testimony is that she felt "pressured" to go with Addison to deliver the car, but up until that incident she had "let [Addison's remarks] go in one ear and out the other." She stated she knew she did not have to answer to Addison, an "after market" manager of inventory without supervisory authority over Spears or anyone at Rountree. She explained that Addison's comments during the last incident (the car delivery) made her so uncomfortable that she reported this incident to her supervisors.
According to Spears, she opened the managers' door, telling them what Addison suggested, and saying she did not want to leave with him. She states they told her she did not have to leave with him. She then asked them, "[i]f [the situation with Addison] gets too far out of hand, will you all please say something?" to which they responded, "[j]ust let us know." Although Spears worked at Rountree several more days and expressed her willingness to return to part time work if recalled, there were no further incidents after she spoke to the managers about Addison's suggestion she go with him to deliver the car.
Rountree had in place a policy against harassment that required its employees to report cases of harassment to the employee's supervisor. That policy and the related reporting procedures were set out in detail in the employee handbook Spears received when she was hired. Rountree provided a bypass system to enable employees to avoid having to report harassment to the person who was the source of that harassment. Spears did not use this process. She explained she had not even read the handbook. Spears worked on several Saturdays after she reported Addison to her supervisors.
When Spears was not called back to part time work, she filed suit against Rountree and Addison, alleging sexual harassment. Rountree and Addison moved for summary judgment, arguing that Spears had not shown (1) the sexual harassment had the effect of unreasonably interfering with work performance and creating an intimidating, hostile and offensive working environment that seriously affected her psychological wellbeing, and (2) the existence of respondeat superior liability.
The trial court agreed, assigning detailed written reasons.
Spears assigns three errors. First she claims the trial court erred in ruling that she had not shown sufficient evidence of sexual harassment. Second she urges that the trial court erred in requiring her to show severe or serious psychological injury as a result of sexual harassment. Finally, she argues that the trial court erred in holding that Rountree was not liable under the theory of respondeat superior. She does not assign as error the *184 trial court's holding that Addison was not personally liable.

DISCUSSION

Summary Judgment
Summary judgment shall be granted to the moving party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. CCP Art. 966 B.

Elements of Legally Redressable Sexual Harassment
Louisiana's anti-discrimination law, LRS 23:1006, is substantively similar to the federal statute prohibiting sex discrimination in Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, et seq. It is thus appropriate to consider interpretations of the federal statute. Brown v. Vaughn, 589 So.2d 63 (La.App. 1st Cir.1991); Polk v. Pollard, 539 So.2d 675 (La.App. 3d Cir.1989); Bennett v. Corroon and Black Corp., 517 So.2d 1245 (La.App. 4th Cir.1987), writ denied.
There are two types of sexual harassment, one based on a quid pro quo theory and the other based on a theory of hostile working environment. Meritor Say. Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), Polk, supra; Alphonse v. OMNI Hotels Management Corp., No. 94-0157 (La.App. 4th Cir. 09/29/94), 643 So.2d 836. Spears bases her claim for sexual harassment on a hostile working environment.
In order to make a prima facie case for hostile work environment, the employee must assert and prove that: (1) she belonged to a protected group; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on gender; (4) the harassment affected a term, condition, or privilege of employment; and (5) respondeat superior. Collins v. Baptist Memorial Geriatric Center, 937 F.2d 190 (5th Cir.1991), cert. denied; Jones v. Flagship Intern., 793 F.2d 714 (5th Cir.1986), cert. denied; Rabidue v. Osceola Refining Co., 805 F.2d 611 (6th Cir.1986), cert. denied; Henson v. City of Dundee, 682 F.2d 897 (11th Cir.1982); Alphonse, supra; Hammond v. Medical Arts Group, Inc., 574 So.2d 521 (La.App. 3d Cir. 1991); Polk, supra; Bennett, supra.
The trial court found that Spears failed to meet the last two criteria. Because there is no respondeat superior liability under the undisputed facts, appellees are entitled to judgment as a matter of law. We need not reach the issue of whether Addison's alleged behavior affected a term, condition, or privilege of Spears' employment with Rountree.

Respondeat Superior
Both federal and Louisiana sexual discrimination laws apply only to employers. LRS 23:1006.A.; 42 U.S.C. § 2000e; Grant v. Lone Star Co., 21 F.3d 649 (5th Cir.1994); Hammond, supra. To prevail, one claiming sexual harassment by a fellow employee must show that the actions complained of were those of an employee who had supervisory capacity, or who was otherwise acting as an agent of the employer, or whose actions were known to the employer. Here, Spears knew that Addison was not her employer or supervisor and that he had no apparent authority over her. Respondeat superior applies for sexual harassment committed by such an employee only if the employer knew or should have known about the harassment by that employee. Nash v. Electrospace System, Inc., 9 F.3d 401 (5th Cir.1993); Jones, supra; Alphonse, supra. Spears relies on LRS 51:2231 to support her claim that Rountree can be held liable for Addison's actions as Rountree's agent. Because Addison did not have or exercise any real or apparent authority over Spears his alleged harassment cannot be imputed to Rountree. Spears also asserts that LCC Art. 2320 operates to produce liability for Rountree; however, that article applies only to cases where the employer might have prevented the act which caused the damage but failed to do so. The undisputed facts show that Rountree had neither actual nor constructive knowledge of Addison's conduct until Spears reported the last incident. Nothing is alleged to have occurred thereafter. Spears stated in deposition that the alleged incidents never occurred in front of anyone else.
*185 We find no error in the granting of the summary judgment.

DECREE
At appellant's cost, the summary judgment is
AFFIRMED.