Kimberly K. HOWARD

v.

TOWN OF JONESVILLE, William F. Edwards, Individually, and in His Capacity as Mayor of Jonesville; and Clyde Walker, Individually, and in His Capacity as the Police Chief for the Town of Jonesville.

Civil Action No. 96–1161.

United States District Court, W.D. Louisiana, Alexandria Division.

July 2, 1996.

Dawn N. Guillot, Baton Rouge, LA, Nancy E. Knight, Alexandria, LA, for Kimberly K. Howard.

Peggy Dean St. John, Carolyn J. Smilie, Gold Weems Bruser Sues & Rundell, Alexandria, LA, for defendants Town of Jonesville, William F. Edwards, Clyde Walker.

## RULING

LITTLE, District Judge.

Defendants, the Town of Jonesville, William F. Edwards and Clyde Walker, have

filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss various claims of plaintiff, Kimberly K. Howard. For the reasons that follow, defendants' motion is GRANTED with respect to plaintiff's request for a preliminary injunction and with respect to her abuse of rights claim against Clyde Walker. In all other respects, defendants' motion is DENIED.

## BACKGROUND

Kimberly K. Howard, the former town clerk of Jonesville, Louisiana, a municipality of 2,800 inhabitants in Catahoula Parish, filed this action in state court naming as defendants the Town of Jonesville, William F. Edwards, individually and in his capacity as Mayor of Jonesville, and Clyde Walker, individually and in his capacity as Police Chief of Jonesville. Defendants timely removed the suit invoking this court's subject matter jurisdiction under 28 U.S.C. § 1331. The essence of Howard's complaint is her allegation that she has been the victim of sexual harassment and discrimination in the form of unwanted sexual advances, requests for sexual favors and other verbal and physical conduct of a sexual nature at the hands of Mayor Edwards. Furthermore, plaintiff alleges that Edwards interfered with her effort to perform the duties of her job, that Edwards improperly sought to terminate her employment, and that he constructively discharged her in violation of state law.

Based on these allegations, plaintiff's complaint sets forth a variety of federal and state causes of action. Her principal sexual harassment claims are asserted against Edwards and the Town of Jonesville under both state employment discrimination law, specifically La.Rev.Stat.Ann. 23:1006, and the equal protection clause of the Fourteenth Amendment via 42 U.S.C. § 1983.[1] Additionally, plaintiff asserts a defamation claim against both Edwards and Walker. Finally, plaintiff asserts secondary state law claims for assault, intentional infliction of emotional distress, breach of contract, and abuse of rights.

Plaintiff's complaint seeks both damages and immediate injunctive relief.

Defendants' motion to dismiss attempts to prune a number of these requests and claims from the lawsuit without addressing the principal sexual harassment allegation. In particular, defendants seek to eliminate plaintiff's request for preliminary injunctive relief, plaintiff's section 1983 claim against the Town of Jonesville, and most of plaintiff's secondary state law claims.

## ANALYSIS

■■■ Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim when the pleadings "fail[ ] to state a claim upon which relief can be granted." Resolution of a defendant's Rule 12(b)(6) motion requires the court to accept as true the factual allegations of the complaint and resolve any ambiguities or doubts regarding sufficiency in favor of the plaintiff. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). Furthermore, a claim may not be dismissed under Rule 12(b)(6) unless it appears certain the plaintiff cannot prove any set of facts that would entitle him to relief. *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir.1994). To overcome a Rule 12(b)(6) motion, however, a plaintiff's complaint must set forth specific facts not merely conclusory allegations or legal conclusions masquerading as factual conclusions. *Fernandez–Montes,* 987 F.2d at 284.

### *Request for Preliminary Injunction*

■■■ The first element of plaintiff's complaint that defendants' motion seeks to eliminate is her request for injunctive relief in the form of a preliminary and later permanent injunction returning Howard to her job as town clerk. Under well established Fifth Circuit jurisprudence, plaintiff's entitlement to a preliminary injunction depends upon a clear showing that: (1) there is a substantial likelihood she will prevail on the merits of her claim; (2) there is a substantial danger

---

**1.** In paragraph 35 of her complaint, plaintiff asserts that defendants are liable under 42 U.S.C. § 1983 but also "reserves her right to bring all causes of action under additional laws of the United States, specifically, but not limited to those arising under Title VII of the Civil Rights Act; 42 U.S.C. § 2000e *et seq.*"

she will suffer irreparable injury if the injunction does not issue; (3) the threatened injury to plaintiff outweighs any harm the injunction may cause the defendants; and (4) that granting the injunction will not harm the public interest. *Hull v. Quitman County Bd. of Educ.*, 1 F.3d 1450, 1453 (5th Cir. 1993); *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir.1990). Thus, the "extraordinary and drastic remedy" of a preliminary injunction will not be granted if the plaintiff fails to carry her heavy burden of proof on any of these four prerequisites. *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (quoting *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)).

■ In the instant request, plaintiff's inability to demonstrate the threat of irreparable injury if a preliminary injunction does not issue prevents her from stating a cause of action entitling her to a preliminary injunction. Irreparable injury, it is well established, exists only when no adequate legal (that is non-equitable) remedy is available. 11A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2944 at 88 (1995). A preliminary injunction therefore will usually be denied if it appears that the applicant has an adequate legal remedy in the form of money damages or other relief. *Id.* at § 2948.1 at 149–51; *see also Sampson v. Murray*, 415 U.S. 61, 91–92, 94 S.Ct. 937, 953–54, 39 L.Ed.2d 166 (1974) (mere loss of income or damaged reputation insufficient to establish irreparable injury in case involving loss of government employment); *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir.1975) (same).

■ In this case should Howard prove that she has been the victim of an intentional unlawful employment practice, a number of remedies will be available to her under Title VII of the Civil Rights Act, including an order enjoining the defendants from engaging in the unlawful practice, reinstatement to her former position, a monetary award in the form of back pay, and compensatory damages for mental anguish and suffering. *See* 42 U.S.C. §§ 2000e–5(g) and 1981a. A similar, and perhaps even broader, range of remedies will be available to plaintiff under 42 U.S.C. § 1983 should she establish a constitutional violation and that she suffered injuries caused by that deprivation. *See Carey v. Piphus*, 435 U.S. 247, 253–57, 98 S.Ct. 1042, 1046–49, 55 L.Ed.2d 252 (1978); *Hinshaw v. Doffer*, 785 F.2d 1260, 1270 (5th Cir.1986) (law entitles § 1983 plaintiff to same compensation as any tort plaintiff, i.e., damages for pain and suffering, mental anguish, embarrassment, medical expenses and lost wages). Finally, plaintiff's largely conclusory allegations that her continuing separation from her employment has caused irreparable harm to her reputation and career are simply not of a magnitude to justify a preliminary injunction. *See Sampson*, 415 U.S. at 91–92, 94 S.Ct. at 953–54; *Morgan*, 518 F.2d at 240. In sum, because plaintiff's alleged injuries, if proven, will be adequately remedied by this court, plaintiff's request for preliminary injunctive relief at this stage of the proceedings must be dismissed.

*Municipal Liability under § 1983*

■ The next main thrust of defendants' motion to dismiss concerns plaintiff's claim arising under 42 U.S.C. § 1983 alleging sexual harassment at the hands of Mayor Edwards. Ever since the Seventh Circuit, in the seminal case of *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1185 (7th Cir. 1986), held that sexual harassment of female employees by a state employer constitutes sex discrimination in violation of the equal protection clause and is therefore actionable under section 1983, courts in practically every circuit have recognized a cause action under section 1983 against a public official for improper sexual conduct that amounted to sexual harassment or created a hostile work environment. *See, e.g., Pontarelli v. Stone*, 930 F.2d 104, 113–14 (1st Cir.1991); *Annis v. County of Westchester, N.Y.*, 36 F.3d 251, 254 (2nd Cir.1994); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478–79 (3rd Cir.1990); *Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir.1994); *Headley v. Bacon*, 828 F.2d 1272, 1274–75 (8th Cir.1987); *Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir.

1989).[2] While the contours of a section 1983 sexual harassment claim generally follow those of a Title VII claim, one significant difference is that the section 1983 plaintiff must additionally show that the defendant intended to discriminate against her because she was a woman; that is, the inquiry must not only be from the plaintiff's perspective but also from that of the defendant. *Bohen*, 799 F.2d at 1186–87; *King v. Bd. of Regents of Univ. of Wisc. System*, 898 F.2d 533, 537–38 (7th Cir.1990). Nevertheless, the plaintiff need not show that all women employees were sexually harassed; harassment of the plaintiff alone because of her sex will be sufficient to make out an equal protection claim. *Bohen*, 799 F.2d at 1187. This said, defendants do not raise any challenge to Howard's basic claim under section 1983 against Mayor Edwards; rather, defendants contend that plaintiff fails to state a claim for municipal liability against the Town of Jonesville for Mayor Edwards' allegedly discriminatory acts.

 As defendants themselves acknowledge, a government body may be held liable under section 1983 for the unconstitutional acts of its officials if (1) its final policymakers are found to have created a policy that causes constitutional injury or condoned creation of a custom that causes such injury by ratifying the unconstitutional or illegal actions of subordinates or (2) if the final policymakers themselves commit unconstitutional actions in the process of setting goals and determining how these goals will be achieved. *Turner v. Upton County, Tex.*, 915 F.2d 133, 136 (5th Cir.1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). In the instant case, plaintiff has al-

leged that the Town of Jonesville's ultimate policymaker, the Mayor himself, engaged in acts of sexual harassment and discrimination. Such an allegation, we find, would appear to fall within either configuration leading to municipal liability under section 1983.

In the first instance, a reasonable trier of fact could find that the actions of the Mayor himself towards plaintiff came to represent town policy or, to say the least, condoned a custom of sexual harassment by the town's officials and employees. In addition, a trier of fact could find that the Mayor's personal engagement in the allegedly unconstitutional treatment of plaintiff satisfied *Turner*'s second criterion for municipal liability. *See Turner*, 915 F.2d at 137 (sheriff's alleged participation as co-conspirator in plan to subject plaintiff to "sham" trial in violation of her due process rights would, if proven, lead to municipal liability under § 1983); *see also Pembaur v. Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) ("municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"). While this court cannot predict whether plaintiff will ultimately establish municipal liability under *Turner*'s two prong approach, at this stage we cannot dismiss plaintiff's municipal liability claim under the unique factual allegations underlying her complaint.[3]

*Respondeat Superior Liability for the Town of Jonesville For State or Federal Statutory Claims*

 In a related attack on plaintiff's assertion of liability against the Town of Jonesville, the defendants contend, the constitu-

---

2. The Fifth Circuit recognized this cause of action in *Doe v. Taylor Ind. School Dist.*, 975 F.2d 137, 149 (5th Cir.1992); however, that opinion was vacated by an en banc panel decision that resolved the case on alternative grounds. *Doe v. Taylor Ind. School Dist.*, 15 F.3d 443, 458 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994).

3. The Fifth Circuit in *Turner* was careful to distinguish its holding reversing a district court's summary judgment dismissal of plaintiff's municipal liability claim based upon an alleged conspiracy between the county sheriff and district attorney to subject her to a "sham" trial from the Supreme Court's general prohibition against re-

spondeat superior liability for a municipality under section 1983 in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In particular, the court concluded:

> When the official representing the ultimate repository of law enforcement power in the county makes a deliberate decision to abuse that power to the detriment of its citizens, county liability under section 1983 must attach, . . .

*Turner*, 915 F.2d at 138. We find the court's carefully drawn distinction in *Turner* to be applicable by analogy to the alleged facts before us.

tional claims aside, that the town may not be liable under jurisprudence interpreting La. Rev.Stat.Ann. § 23:1006 and Title VII, 42 U.S.C. § 2000e. Relying solely on *Spears v. Rountree Oldsmobile–Cadillac Co.*, 653 So.2d 182 (La.Ct.App. 2nd Cir.1995), defendants argue that an employer may only be liable under a theory of respondeat superior for acts of sexual harassment committed by its employees if the employer knew or should have known about the alleged harassment.

As the plaintiff correctly notes, however, *Spears* involved a claim of sexual harassment directed against a co-employee not a supervisor. *Id.* at 184. Howard's case is clearly distinguishable from *Spears* in that the alleged perpetrator of the sexual harassment here is none other than the chief supervisory official of the town, the Mayor. Obviously, knowledge of the Mayor's alleged acts of sexual harassment can be imputed to the town.

In addition, we note that in *Nash v. Electrospace System, Inc.*, 9 F.3d 401 (5th Cir. 1993), the Fifth Circuit, in describing the Supreme Court's recent decision in *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), observed that the issue of respondeat superior liability would properly not arise in a case like *Harris* where the offender was the company president and was, therefore, "responsible for the terms and conditions of her [plaintiff's] employment, for her work assignment within the company, or for firing and hiring decisions." *Nash*, 9 F.3d at 404. Mayor Edwards' supervisory relationship to Howard, we assume, is analogous to the offender's relationship to plaintiff in *Harris*. Thus, consistent with the reasoning of both *Spears* and *Nash*, we must deny defendants' motion to dismiss plaintiff's claims against the Town of Jonesville under federal and state employment discrimination statutes.

*Tort Claims—Defamation and Intentional Infliction of Emotional Distress*

Plaintiff has also asserted claims against defendants under La.Civ.Code article 2315 for both defamation and intentional infliction of emotional distress. Plaintiff's defamation claim is asserted against both Mayor Edwards and Police Chief Walker. Defendants' Rule 12(b)(6) challenge to this claim essentially contends that the statements plaintiff complains of do not amount to a defamatory communication, that is "one that tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Sassone v. Elder*, 626 So.2d 345, 352 (La.1993).

 The particular statements attributed to defendants by plaintiff include Edwards' remark "that she [Howard] was sleeping with everyone at the police department" and remarks by Walker to the effect that plaintiff was not capable of performing her job duties and requesting that the town council "get rid of Ms. Howard." Although "[t]he question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is one for the court," *id.*, we can hardly rule out the possibility that statements such as those allegedly made by defendants contained potentially defamatory meaning in the tightly knit social community of Jonesville. Indeed, Mayor Walker's statement in particular would appear to be defamatory on its face.[4] At this early stage in the proceedings, therefore, the court declines to grant defendants' motion to dismiss with regard to plaintiff's defamation claims.

 The court reaches a similar conclusion with respect to defendants' challenge to plaintiff's claim for the intentional infliction of emotional distress. Defendants recite for us the well established requirements for a successful intentional infliction of emotional distress claim under *White v. Monsanto Company*, 585 So.2d 1205, 1209 (La.1991). They make little attempt, however, to apply these elements to the alleged facts before us. Moreover, they completely ignore *White*'s own recognition that a pattern of deliberate,

---

**4.** Statements imputing sexual impropriety have commonly been found to be defamatory. *See e.g., Moreau v. Brenan*, 466 So.2d 572, 574 (La. Ct.App. 5th Cir.1985) (allegation that wife was having extramarital relations constituted defamation per se); *Gorman v. Swaggert*, 524 So.2d 915, 921 (La.Ct.App. 4th Cir.1988) (statements imputing adultery are defamatory); *Smith v. Atkins*, 622 So.2d 795, 800 (La.Ct.App. 4th Cir.1993) (calling a woman a "slut" is defamatory per se).

repeated harassment in the workplace may indeed constitute intentional infliction of emotional distress, *id.* at 1210, *see also Bustamento v. Tucker*, 607 So.2d 532, 538–40 (La.1992) (daily incidents of sexual harassment over two year period would constitute intentional infliction of emotional distress for prescriptive purposes); as well as other cases holding that similar allegations may or in fact have constituted the tort. *Martin v. Bigner*, 665 So.2d 709, 712 (La.Ct.App. 2nd Cir.1995) (allegation of employer's inaction concerning complaint of sexual harassment could constitute tort for purposes of surviving exception of no cause of action); *Smith v. Atkins*, 622 So.2d 795, 800 (La.Ct.App. 4th Cir.1993) (law professor who engaged in long-term campaign of harassing student, including calling her a "slut," was liable for intentional infliction of emotional distress). Defendants' motion to dismiss plaintiff's intentional infliction of emotional distress claim thus deserves little attention at this stage of the proceeding and must be denied.

### Breach of Contract

 The next element of plaintiff's complaint that defendants challenge in their motion to dismiss is plaintiff's claim for breach of contract. As defendants note, plaintiff's complaint does not allege that Howard and the town entered into a contract with a specified term of employment. Thus, we must assume that Howard's employment contract was for an indefinite period of time. Under Louisiana's employment-at-will doctrine such a contract generally may be terminated for any reason by either the employer or the employee. La.Civ.Code arts. 2024 & 2747; *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 517 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 506 (1994); *Brannan v. Wyeth Laboratories, Inc.*, 526 So.2d 1101, 1103–04 (La.1988).

 There is one exception to Louisiana's employment-at-will rule, however, when the employment is allegedly terminated in violation of a statutory or constitutional provision. *Johnson v. Delchamps, Inc.*, 897

F.2d 808, 810 (5th Cir.1990); *Gilbert v. Tulane University*, 909 F.2d 124, 126 (5th Cir. 1990). As Howard has alleged that her constructive discharge [5] from her employment violated both the Fourteenth Amendment as well as state and possibly federal fair employment statutes, her breach of contract claim appears to fall into this exception. As a result, defendants' motion to dismiss this claim must be denied. We observe, however, that plaintiff's remedy for this breach of contract claim may well be subsumed by her potential recovery under her constitutional or statutory claims. Thus, our denial of defendants' motion with respect to this claim may have little effect on the final outcome of this suit should plaintiff's claims prove to have merit.

### Abuse of Rights

 Finally, defendants move to dismiss plaintiff's abuse of rights claim against Police Chief Walker and the town as his employer. Louisiana's abuse of rights doctrine, a civilian doctrine employed primarily in contract and property rights cases, may provide a remedy to a plaintiff if one of the following conditions is met: (1) rights were exercised for the exclusive or predominant purpose of harming another; (2) rights were exercised in the absence of a serious and legitimate interest that is worthy of judicial protection; (3) rights were used in violation of moral rules, good faith, or elementary fairness; or (4) rights were exercised for a purpose other than that for which they were granted. *Deus*, 15 F.3d at 520; *Illinois Cent. Gulf Railroad Co. v. International Harvester Co.*, 368 So.2d 1009, 1014–15 (La. 1979). In this case, plaintiff's petition sets forth no facts suggesting that Police Chief Walker exercised any legal right for an improper purpose. Indeed, the only substantive claims against Walker are for defamation and intentional infliction of emotional distress. No contractual right, property right, or even right of political office is implicated in these allegations. Accordingly, plaintiff's claims against Walker and the Town of

---

5. We note that plaintiff actually resigned her position as town clerk on April 26, 1996. She alleges, however, that this resignation resulted from Mayor Edwards' allegedly unlawful actions and, therefore, that she was constructively discharged.

Jonesville as her employer under the abuse of rights doctrine must be dismissed.

## CONCLUSION

In summary, we have found that plaintiff's request for a preliminary injunction and her abuse of rights claim against Clyde Walker and the Town of Jonesville as her employer must be DISMISSED for failure to state a claim upon which relief may granted. Accordingly, defendants' motion is GRANTED with respect to these two claims but is DENIED in all other respects.