**Linda ALDERMAN, Wife of/and Benjamin Alderman**

v.

**THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. D/B/A Save-A-Center, Ken(LNU) and ABC Insurance Company**

No. CIV.A. 03–3068.

United States District Court, E.D. Louisiana.

Aug. 20, 2004.

Keith Michael Couture, Keith M. Couture, Attorney at Law, Chalmette, LA, for Linda Alderman, wife of/and, Benjamin Alderman, plaintiffs.

Gerald James Huffman, Jr., David M. Whitaker, Lemle & Kelleher, LLP, New Orleans, LA, for Great Atlantic & Pacific Tea Company, Inc. dba Sav–A–Center dba A & P, Unidentified Parties, defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is a motion for summary judgment filed by A & P. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

### I. *Background*

Benjamin Alderman worked as the Seafood Department Manager for A & P in Meraux, Louisiana from February 2001 until he resigned in April 2002. When Alderman was first hired, he told the store director, Frank Eberhardt, that his religion prohibited him from working on Sundays and, also, that he served as the pastor of his church on Sundays.[1] Eberhardt assured Alderman that his inability to work on Sundays would not be a problem. Eberhardt was later replaced by Ken Hurlbert and he told Alderman that he would have to work for a few hours on Sundays because the seafood department was having problems with its gross sales as a result of his Sunday absences. Alderman resigned as a result of the proposed scheduling change.

The Aldermans filed this lawsuit against A & P asserting claims of religious discrimination, negligent and intentional infliction of emotional distress, and failure to pay certain health care expenses. Mrs. Alderman also makes a claim for loss of consortium. A & P now moves for summary judgment on all claims.

### II. *Law and Application*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50., 106 S.Ct. 2505 Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265

1. Alderman is a Pentecostal Christian, and is the founder of the Harvest Time Christian Fellowship Church in Meraux.

(1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir.1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

### A. Religious Discrimination Claims

The plaintiffs first make claims for religious discrimination under the Louisiana Employment Discrimination Law (LEDL), La.R.S. 23:301, *et seq.*[2] The statute provides that:

It shall be unlawful discrimination in employment for an employer to engage in any of the following practices:

(1) Intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.

Because of its doctrinal similarity to Title VII, and the related social goals of both statutes, Louisiana courts routinely look to Title VII to interpret the LEDL. *La Day v. Catalyst Technology, Inc.*, 302 F.3d 474, 477 (5th Cir.2002); *Harbin v. CII Carbon, L.L.C.*, 1999 WL 350161, at *3 (E.D.La. May 28, 1999); *Spears v. Rountree Oldsmobile–Cadillac Co.*, 653 So.2d 182 (La.App. 2 Cir.1995); *Plummer v. Marriott Corporation*, 654 So.2d 843 (La.

App. 4th Cir.1995). The state statute does not define "religion," but Title VII provides that:

The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

42 U.S.C. § 2000e(j). To establish a prima facie case of religious discrimination under the Title VII model, a plaintiff must prove that: 1) he had a bona fide religious belief that conflicted with an employment requirement; 2) that he informed the employer of his belief; 3) and that he was discharged for failing to comply with the conflicting employment requirement. *Weber v. Roadway Express*, 199 F.3d 270, 273 (5th Cir.2000). The Court finds that the plaintiff has established a prima facie case of discrimination under this model. The plaintiff is a practicing member of the Pentecostal Christian religion which prohibits work on Sundays and A & P was aware of his religious belief when the plaintiff was hired. Although the plaintiff was not technically fired, he claims to have felt compelled to resign because he was told that he would be required to work on Sundays after all.

Under the Title VII model, the burden shifts to A & P to show that it was unable to reasonably accommodate Alderman's beliefs without undue hardship on the conduct of its business. *Brener v. Diagnostic Center Hosp.*, 671 F.2d 141, 146 (5th Cir.1982). Fifth Circuit pronouncements are clear: "Once the [employer] establishes that it offered [plaintiff] a reasonable accommodation, even if the alternative is not [his] preference, [it has], as a matter of law, satisfied [its] obligation

---

**2.** The plaintiffs have only raised claims under Louisiana law, not federal law.

under Title VII." *Bruff v. North Miss. Health Servs., Inc.,* 244 F.3d 495, 500 n. 9 (5th Cir.2001). "An employer has the statutory obligation to make reasonable accommodations for the religious observances of its employees, but is not required to incur undue hardship." *Weber,* 199 F.3d at 273. And, finally: " 'Undue hardship' exists, as a matter of law, when an employer is required to bear more than a *de minimis* cost." *Id.* This Court adopts the Title VII model to inform and give content to the rather enigmatic state statute. Although the state statute does not expressly require reasonable accommodation to one's religious beliefs, or specify the undue hardship escape valve, the statute would make no sense without the guidance of Title VII.

 A & P asserts that it offered Mr. Alderman a reasonable accommodation when it presented him with a flexible schedule on Sundays, or, alternatively, when it offered him a non-managerial position. A & P also maintains that if it was forced to accept the plaintiff's demands, it would suffer undue hardship in that there would be an adverse effect on plaintiff's co-workers. The plaintiff counters that A & P offered him an inferior part-time position which did not include healthcare benefits and can not be considered a reasonable accommodation. The plaintiff also contests that A & P was ever subjected to any undue hardship in the year that he was employed and was not required to work on Sundays, and observes that there is no evidence that any future undue hardship exists. The Court finds that there are material issues of fact as to whether the accommodations offered to the plaintiff were reasonable, whether the demands made by the plaintiff would have imposed an undue hardship on A & P's conduct of business, and whether the discrimination, if any, was intentional. Thus, the Court denies summary judgment on this issue

because of the obvious dominance of material fact issues in this setting.

### B. Intentional Infliction of Emotional Distress

 Alderman also asserts a claim for intentional infliction of emotional distress. Louisiana law requires of one claiming grievance three elements to establish intentional infliction of emotional distress: (1) that the "conduct was so extreme in degree and so outrageous in character that it went beyond all bounds of decency and was utterly intolerable in a civilized community; (2) that such conduct caused severe emotional distress; and (3) that [the defendant] intended, by performing the acts complained of, to inflict severe emotional distress on [the plaintiff], or that [the defendant] knew that such severe emotional distress would be certain or 'substantially certain' to result from the conduct." *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 514 (5th Cir.1994) (citing *White v. Monsanto Co.,* 585 So.2d 1205, 1209 (La.1991)). The Court finds that the record does not reflect any such conduct. Thus, the Court grants summary judgment on this issue.

### C. Negligence and Loss of Consortium

 Next, the Court finds that plaintiffs' claims for negligence are prohibited by the Louisiana Worker's Compensation Act, La. R.S. 23:1032. Under the Act, an employee cannot recover in tort for a work-related injury caused by the negligence of the employer. *See Bazley v. Tortorich,* 397 So.2d 475, 479 (La.1981). The Court also finds that Mrs. Alderman's claims for loss of consortium are without merit because loss of consortium claims are not cognizable in employment discrimination cases. *Pellerin–Mayfield v. Goodwill Industries, Inc.,* 2003 WL 22174279 (E.D.La. Feb.12, 2003).

### D. *Medical Expenses*

Finally, it appears from the plaintiffs' complaint that they are asserting a claim against A & P for failure to pay certain medical expenses. There is no dispute that the A & P employee health plan is a plan governed by the Employee Retirement Income Security Act, 29 U.S.C. 1001, *et seq.*, and that the plaintiffs must first exhaust the administrative review process as a prerequisite to civil litigation. *See Medina v. Anthem Life Ins. Co.*, 983 F.2d 29 (5th Cir.1993). Because the plaintiffs have failed to do so, defendant's motion for summary judgment on the claim for unpaid medical expenses is granted.

Accordingly, A & P's motion for summary judgment is GRANTED in part and DENIED in part. Plaintiffs' claims for intentional infliction of emotion distress, negligence, loss of consortium, and denial of medical expenses are hereby dismissed. The issues regarding religious discrimination remain.