696 So.2d 637 (1997)
Catherine TRAHAN and Dwayne Trahan
v.
RALLY'S HAMBURGERS, INC., Fifty-Five, Inc. and Johnny Carter.
No. 96 CA 1837.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*638 C. Berwick Duval, Houma, for Defendants Fifty-Five, Inc., Rally's Hamburgers, Inc. and Dean Pertuit.
Damon J. Baldone, Houma, for Plaintiffs Catherine and Dwayne Trahan.
*639 Keith J. Labat, Thibodaux, for Plaintiffs Johnny and Suzanne Carter.
Before WHIPPLE and FITZSIMMONS, JJ., and TYSON, J. Pro Tem.[1]
RALPH E. TYSON, Judge Pro Tem.
Plaintiff, Catherine Trahan, appeals the trial court's judgment granting defendants' motion for summary judgment. Defendants, Rally's Hamburgers, Inc., Fifty-Five, Inc. and Dean Pertuit, answered the appeal.

FACTS AND PROCEDURAL HISTORY
On May 16, 1994, plaintiffs, Catherine and Dwayne Trahan, filed a petition for damages and named as defendants Rally's Hamburgers, Inc. (Rally's), Fifty-Five, Inc., and Johnny Carter. (Number 109,864) The petition alleged that Catherine Trahan was employed as a team member for Rally's and had worked at two franchises, both owned by Fifty-Five, Inc. The petition further alleged Mrs. Trahan was verbally abused and sexually harassed by Johnny Carter, an assistant manager, also employed by Rally's and Fifty-Five, Inc.
On June 16, 1994, Johnny Carter filed an answer to the Trahans' petition, generally denying the allegations contained therein. On July 1, 1994, Rally's and Fifty-Five, Inc. also filed an answer to the Trahans' petition, generally denying the allegations contained therein.
Thereafter, on June 29, 1994, Johnny and Suzanne Carter filed a petition for damages and named as defendants Rally's, Fifty-Five, Inc., and Dean Pertuit. (Number 110,256). Johnny Carter alleged in his petition that he and Dean Pertuit were both employed by Rally's and Fifty-Five, Inc., Johnny Carter as an assistant manager and Dean Pertuit as a vice-president. It was further alleged that, on or about March 10, 1993, Johnny Carter reported to the general manager of Rally's and Fifty-Five, Inc. that Dean Pertuit had sexually harassed another employee. It was alleged that Dean Pertuit began harassing and threatening Johnny Carter. It was also alleged Dean Pertuit had terminated Johnny Carter from employment on June 30, 1993, in retaliation for his allegations of sexual harassment against Dean Pertuit.
On July 18, 1994, Rally's, Fifty-Five, Inc., and Dean Pertuit filed an answer to the Carters' petition, generally denying the allegations contained therein. These defendants also filed a cross-claim, naming Johnny Carter as a defendant. In their cross-claim, it was alleged that Johnny Carter had filed his petition to harass Rally's and Fifty-Five, Inc. in the hopes that the suit filed by the Trahans would be settled and Johnny Carter would be released as a defendant. The cross-claim sought damages suffered for the loss of reputation and loss of business.
Johnny Carter subsequently filed an answer to the cross-claim, generally denying the allegations contained therein.
On July 19, 1994, these two actions were consolidated by the trial court.
Thereafter, defendants filed a motion for summary judgment on all of the claims asserted by the Carters and the Trahans in this consolidated matter. In support of the motion for summary judgment, the depositions of Johnny Carter and Catherine Trahan were introduced into evidence.
Defendants contended that they were entitled to summary judgment on the Carters' claims because (1) Johnny Carter was not employed by Rally's or Pertuit; therefore, there should be summary judgment in favor of Rally's; and (2) Johnny Carter was an "at will" employee of Fifty-Five, Inc.; therefore, he could be fired for any cause at any time by his employer.
In support of the motion for summary judgment on the Trahans' claims, defendants alleged that (1) once Mrs. Trahan reported the actions of Johnny Carter, he was immediately suspended and subsequently terminated; and an employer cannot be held liable for sexual harassment by one of its employees unless the employer was made aware of the harassment and failed to take corrective *640 action; and (2) Johnny Carter admitted that there was a prohibition against sexual harassment of employees by both Rally's and Fifty-Five, Inc.; therefore, any acts by Johnny Carter were outside the course and scope of his employment.
After a hearing held on January 13, 1995, the trial court rendered a judgment on March 14, 1995, granting the motion for summary judgment in favor of Rally's and dismissing the claims of the Carters against Rally's. The motion for summary judgment filed by Fifty-Five, Inc. and Dean Pertuit was denied.
On May 14, 1996, Rally's, Fifty-Five, Inc., and Dean Pertuit filed a motion to amend the judgment rendered on March 14, 1995. The motion alleged that the written reasons for the March 14, 1995, judgment indicated that the court would grant the motion for summary judgment in favor of Rally's and dismiss the claims of the Carters and the Trahans. However, the judgment rendered was silent as to the motion for summary judgment filed by Rally's as to the Trahans' claims. The motion to amend the judgment stated that all parties agreed that the judgment of March 14, 1995 did not conform to the trial court's reasons for judgment.
Thereafter, on May 23, 1996, the trial court ordered that the judgment issued on March 14, 1995 be amended and granted the motion for summary judgment in favor of Rally's, dismissing the Trahans' claims. The amended judgment also included the judgment previously rendered by the court on March 14, 1995.
On June 13, 1996, Catherine Trahan filed a motion for appeal from the judgment rendered on May 23, 1996.[2] Defendants filed an answer to the appeal, requesting that the judgment of the trial court, denying the motion for summary judgment filed by Fifty-Five, Inc. and Dean Pertuit, be reversed; and the claims filed by the Trahans and the Carters be dismissed with prejudice.

CATHERINE TRAHAN
Mrs. Trahan contends that the trial court erred in granting summary judgment in favor of Rally's.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Kidd v. Logan M. Killen, Inc., 93-1322, p. 4 (La.App. 1st Cir. 5/20/94); 640 So.2d 616, 618. It is well settled that the granting of summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Lewis v. Diamond Services Corporation, 93-1150, p. 5 (La.App. 1st Cir. 5/20/94); 637 So.2d 825, 828, writ denied, 94-1638 (La.10/14/94); 643 So.2d 159.
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Kidd v. Logan M. Killen, Inc., 640 So.2d at 619.
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Kidd v. Logan M. Killen, Inc., 640 So.2d at 619. To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is and excludes any real doubt as to the existence of material fact. Kidd v. Logan M. Killen, Inc., 640 So.2d at 619.
The jurisprudence has traditionally held that summary judgments were not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583. In *641 determining whether material facts had, in fact, been disposed of, any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This was true even if grave doubt existed as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court was presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences were required to be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991). However, by Acts 1996, First Extraordinary Session, No. 9, the legislature amended LSA-C.C.P. art. 966, stating in § A(2) the following:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, a Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).
Louisiana's anti-discrimination law, LSA-R.S. 23:1006, is substantively similar to the federal statute prohibiting sex discrimination in Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, et seq. It is thus appropriate to consider interpretations of the federal statute. Brown v. Vaughn, 589 So.2d 63, 64 n. 1 (La.App. 1st Cir.1991); Polk v. Pollard, 539 So.2d 675, 676 (La.App. 3rd Cir. 1989).
Liability may be predicated on two types of sexual harassment, one based on a quid pro theory and the other based on a theory of hostile working environment. Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); Polk v. Pollard, 539 So.2d at 676-677; Alphonse v. Omni Hotels Management Corp., 94-0157, p. 2 (La.App. 4th Cir. 9/29/94); 643 So.2d 836, 838. "Quid pro quo" harassment exists when an employer places unwanted terms or conditions on employment, benefits or other employment advantages in exchange for sexual favors. A "hostile environment" is harassment that does not affect the recipient's economic benefits, but instead creates a hostile or offensive working environment. Lebeaux v. Newman Ford, Inc., 28,609, p. 6 (La.App. 2nd Cir. 9/25/96); 680 So.2d 1291, 1295.
Mrs. Trahan does not allege that her sexual favors were sought in exchange for her employment. The record indicates that Mrs. Trahan's claim for sexual harassment is based on Carter's creation of a hostile working environment.
In order to make a prima facie case for hostile work environment, the employee must assert and prove that: (1) she belonged to a protected group; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. Alphonse v. Omni Hotels Management Corp., 643 So.2d at 838-839.
To find liability of an employer under the doctrine of respondeat superior there must exist:
1) an employer/employee relationship;
2) a negligent or tortious act on the part of an employee; and
3) the act complained of must be committed in the course and scope of employment.
Alphonse v. Omni Hotels Management Corp., 643 So.2d at 840.
*642 The term "employer" is defined in LSA-R.S. 23:1006A(1) as follows:
(1) For the purpose of this Part, `employer' means and includes a person, association, legal or commercial entity, labor union, employment agency, the state, its agencies, boards, commissions, or political subdivisions receiving services from an individual and in return giving compensation of any kind to said individual and who employs more than fifteen employees.
Based upon the evidence presented, we find that Johnny Carter was not employed by Rally's. Johnny Carter testified that he was not employed by Rally's but was employed by Fifty-Five, Inc., a corporation which is a franchise holder of a Rally's franchise. According to Johnny Carter, his paychecks were from Fifty-Five, Inc. These facts were uncontradicted by Mrs. Trahan. Therefore, because there is no employer/employee relationship between Rally's and Johnny Carter, Rally's cannot be held liable for Johnny Carter's actions. Thus, summary judgment was properly granted, dismissing the claims of Mrs. Trahan and Johnny Carter against Rally's Inc.[3]

ANSWER TO THE APPEAL
Rally's, Fifty-Five, Inc. and Dean Pertuit filed an answer to the appeal filed by Mrs. Trahan, requesting that the judgment of the trial court, denying the motion for summary judgment filed by Fifty-Five, Inc. and Dean Pertuit, be reversed and all of the claims of the Trahans and the Carters be dismissed. The answer filed into the record stated that the trial court denied the motion in a judgment dated May 23, 1996.
Although the trial court restated his denial of the motion for summary judgment in its May 23, 1996, judgment, the trial court denied the motion for summary judgment in a judgment rendered on March 14, 1995. The denial of a motion for summary judgment is an interlocutory judgment and is not appealable. LSA-C.C.P. arts. 968, 1841; Fontenot v. Miss Cathie's Plantation, Inc., 93-926, 93-927 (La.App. 3rd Cir. 3/2/94); 634 So.2d 1380, 1381. No writ application was filed. Thus, the issues raised in the answer to the appeal are not properly before us and the answer to the appeal filed by Fifty-Five, Inc. and Pertuit is hereby dismissed.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting summary judgment in favor of Rally's and dismissing Catherine Trahan's claims, is affirmed. The answer to the appeal of Fifty-Five, Inc. and Dean Pertuit is hereby dismissed. Costs of this appeal are to be assessed equally to Catherine Trahan, Fifty-Five, Inc. and Dean Pertuit.
AFFIRMED; ANSWER TO THE APPEAL OF FIFTY-FIVE, INC. AND DEAN PERTUIT DISMISSED.
NOTES
[1] Judge Ralph E. Tyson is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The motion and order for appeal reflects that only Catherine Trahan appeals from the judgment of the trial court. Because Dwayne Trahan failed to timely appeal, the judgment as to Dwayne Trahan is final and definitive.
[3] Mrs. Trahan also argues that the issue of whether Rally's could be vicariously liable for Johnny Carter's actions was not raised until the hearing on the motion for summary judgment. We initially note that the existence of an employer/employee relationship is an element of Mrs. Trahan's cause of action. Also, the question of Johnny Carter's status as an employee of Rally's was raised in the memorandum in support of the motion for summary judgment. This argument is without merit.