730 So.2d 1066 (1999)
Robert A. VARNADO
v.
HOSPITAL SERVICE DISTRICT NO. 1 OF the PARISH OF ASSUMPTION, STATE OF LOUISIANA d/b/a Assumption General Hospital
No. 98 CA 0468.
Court of Appeal of Louisiana, First Circuit.
April 1, 1999.
*1067 Daniel J. Nail, Napoleonville, for Plaintiff-Appellee.
Phyllis Guin Cancienne, New Orleans, for Defendant-Appellant.
Before: CARTER, C.J., SHORTESS and WHIPPLE, JJ.
SHORTESS, J.
In April 1992, Assumption General Hospital contracted with Robert Varnado (plaintiff) to perform psychiatric/mental-health-nursing consultation at the rate of $2,000.00 per month for one year. This service was to continue for additional terms of one year thereafter, unless either party terminated the agreement by written notice within thirty days. In June 1992, the contract was supplemented and amended, requiring plaintiff to furnish additional services of hospital administrator. The supplemented contract provided for a term of three years (commencing July 1, 1992, and ending June 30, 1995). Plaintiff was to be compensated an additional $76,000.00 per year and was to earn "[r]evenue enhancement compensation [to] be received at a rate of 13% of total revenues generated in excess of current hospital revenue receipts for any new programs and or increases obtained through acquired target rate adjustments or revenue enhancement programs."
In March 1993, nine months after the supplemental contract was agreed upon, plaintiff received a notice of termination of his employment from the hospital. Plaintiff filed a petition against Hospital Service District No. 1 of the Parish of Assumption (formerly Assumption General Hospital) for nonpayment of revenue-enhancement compensation and for compensation for the remaining term of the contract.[1] The Hospital (defendant) filed a motion for summary judgment. The trial court granted defendant's motion for summary judgment, in part, dismissing plaintiff's claim against it for any and all revenue-enhancement compensation; and denied the *1068 portion requesting dismissal of plaintiffs claim for his base salary for the remaining term of the contract. Plaintiff appeals.[2]
Plaintiff contends the trial court erred in finding 1) the revenue-enhancement compensation was an unconstitutional donation of public funds and 2) the revenue-enhancement compensation portion of the contract was based upon defendant's overall financial performance rather than those areas of operation for which plaintiff was specifically responsible under the contract and which areas required extraordinary individual effort on his part to exceed existing levels of revenue.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of factual dispute.[3] The granting of a summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[4] Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether the summary judgment is appropriate.[5]
Louisiana Constitution article VII, section 14(A), which prohibits the gratuitous alienation of public property by improper loan, use or donation, states:
Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
The appellate court has held that bonuses paid from public funds violate Constitution article VII, section 14(A).[6] The court has also recognized that these payments must be in the form of salary increases for the future and not extra compensation for past services in order to be legal.[7]
The revenue-enhancement compensation was set at a rate of "13% of total revenues generated in excess of current hospital revenue receipts for any new programs and[/]or increases obtained through acquired target rate adjustments or revenue enhancement programs." This compensation was not based upon the services provided only by plaintiff, but the increased revenues were based upon the performance of other individuals in the entire hospital. In addition, this compensation was for the normal duties plaintiffs salary contractually required him to complete; no extra duties beyond his regular duties were required. Therefore, the revenue-enhancement compensation was a bonus payment, which is specifically prohibited under Constitution article VII, section 14(A).
Defendant timely answered the appeal requesting modification of the portion of the trial court's decision denying its motion for summary judgment regarding plaintiffs salary. The denial of a motion for summary judgment is an interlocutory judgment and is not appealable.[8] The issue raised in the answer to the appeal is not properly before us, and the answer to the appeal filed by defendant is dismissed.
For the foregoing reasons, we find no legal error in the decision of the trial court granting, in part, defendant's motion for summary judgment dismissing plaintiffs claim for any *1069 and all revenue-enhancement compensation, and denying defendant's motion to dismiss plaintiffs claim for his base salary for the remaining term of the contract. We hereby affirm the judgment and assess costs to plaintiff.
AFFIRMED.
NOTES
[1] Plaintiff later amended his petition adding the Assumption Parish Police Jury as a defendant, alleging the Hospital and its Board of Directors were the alter ego of the Jury and "acted for said jury in all matters with complete authority."
[2] Pursuant to Code of Civil Procedure article 1915(B)(1), both parties certified the partial summary judgment as a final judgment.
[3] Kidd v. Logan M. Killen, Inc., 93-1322, p. 4 (La.App. 1st Cir.5/20/94), 640 So.2d 616, 618.
[4] La. C.C.P. article 966.
[5] Trahan v. Rally's Hamburgers, Inc., 96-1837, p. 6 (La.App. 1st Cir.6/20/97), 696 So.2d 637, 641.
[6] State v. Davis, 539 So.2d 803, 810 (La.App. 3d Cir.), writ denied, 541 So.2d 840 (La.1989).
[7] Bouillion v. City of New Iberia, 95-120, p. 5 (La.App. 3d Cir.5/31/95), 657 So.2d 397, 400; McElveen v. Callahan, 309 So.2d 379, 381 (La. App. 3d Cir.), writ denied, 313 So.2d 602 (La. 1975).
[8] See C.C.P. arts. 968 and 1841; Trahan, 96-1837 at p. 9, 696 So.2d at 642.