**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-30538 and No. 99-30872

Summary Calendar

JOSEPH ROMANO, JR,

Plaintiff - Appellee,

VERSUS

CITIZENS UTILITIES COMPANY,

Defendant - Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana
(87-CV-3673-L)

March 17, 2000

Before JOLLY, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Citizens Utility Company (Citizens) appeals a judgment entered by the district court on a jury verdict awarding Joseph Romano, Jr., emotional distress damages on a claim for retaliation under Louisiana employment discrimination law, as well as the district court's award of front pay and attorney fees. Having carefully reviewed the record on appeal and fully considered the briefs of counsel and the applicable law, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Facts and Procedural History

Romano worked for Citizens in its Harvey, Louisiana, office as Accounts Payable Manager from December 1993 until his termination on October 10, 1997. In August 1997 Romano made two formal complaints to Citizens regarding his immediate supervisor's (Richard Cohen) alleged discriminatory conduct including sexual harassment and age discrimination. An investigation by Citizens's in-house counsel did not result in any adverse action against Cohen.

On October 1, 1997, Citizens extended a written job offer to Romano for the position of General Ledger Water Property Specialist. While the offer was presented as a two grade promotion with a ten per cent salary increase, it did require Romano to travel considerably more than his position as Accounts Payable Manager. On October 8th or 9th, Romano declined the job offer. Romano was terminated on October 10, 1997. Citizens informed Romano via a letter of the same date that it viewed his decision to decline the new position as an immediate resignation.

Romano filed suit in federal court under Louisiana law pursuant to the court's diversity jurisdiction seeking damages for retaliation and age discrimination.[2] Following discovery, Citizens moved for summary judgment. The district court denied the summary judgment motion and a jury trial ensued beginning January 25, 1999. Following the presentation of Romano's case in chief, Citizens

_____

[2]Romano also claimed intentional infliction of emotional distress and failure to pay overtime wages, but he voluntarily dismissed these claims prior to trial.

2

moved for a Rule 50 judgment as a matter of law.  The district court denied the motion.  After resting its case, Citizens again moved for judgment as a matter of law, and this motion too was denied.  The parties stipulated that the jury would only consider mental anguish damages, and that damages for front pay and back pay would be determined by the court.  The jury returned a verdict in favor of Romano on his retaliation claim and awarded mental anguish damages of $75,000.  The jury rejected Romano's age discrimination claim.

The district court issued an order with reasons on April 5, 1999 awarding back pay of $37,323 and front pay of $31,950.  By the same order the district court also reduced the jury's mental anguish award from $75,000 to $50,000.  Citizens renewed its motion for judgment as a matter of law and alternatively moved for a new trial.  The district court denied these motions, and Citizens appealed.

Pursuant to Romano's post-trial motion for an award of costs and attorney fees, the district court entered an order on July 15, 1999 denying costs but awarding $30,000 for attorney fees.  The district court then amended its previous judgment to include this award.  Citizens appealed the Amended Final Judgment.  The two appeals were consolidated.

In this appeal, Citizens raises three issues: (1) whether the district court erred in denying its Rule 50(a) motion for judgment as a matter of law; (2) whether the district court abused its discretion in the award of front pay; and (3) whether the district

3

court erred in awarding attorney fees to Romano. Because we find that Romano produced sufficient evidence from which a reasonable jury could have found for him on the employment retaliation claim, and because the applicable facts and law disclose no abuse of discretion in the award of front pay or error in the award of attorney fees, we affirm.

## Analysis

Citizens argues that the district court erred reversibly in denying its Rule 50(a) motion for judgment as a matter of law because there was no legally sufficient evidentiary basis on which the jury could reasonably find for Romano on the retaliation claim. This court reviews de novo the district court's Rule 50(a) rulings, see Travis v. Bd. of Regents of the University of Texas System, 122 F.3d 259, 263 (5th Cir. 1997), and we must consider all evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion." Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969)(en banc). Granting the motion is only proper "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." Id. Where "there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury [because] . . . it is the function of the jury as the

4

traditional finder of the facts, and not the Court, to weigh competing evidence and inferences, and determine the credibility of witnesses." Id at 374-75 (citations omitted).

The retaliation claim was premised upon Louisiana Revised Statute § 51:2256[3] proscribing retaliation by an employer against an employee because he has opposed unlawful practices such as age discrimination, see La.Rev.Stat. § 51:2231, and inappropriate commentary to a female employee. See La.Rev.Stat. § 23:332. Even though suit was filed under Louisiana employment law, federal employment discrimination and retaliation statutes and cases are persuasive authority given the substantial similarities between Louisiana's antidiscrimination law and Title VII. See Trahan v. Rally's Hamburgers, Inc., 696 So.2d 637, 641 (La.App. 1st Cir. 1997); Plummer v. Marriott Corp., 654 So.2d 843, 848 (La.App. 4th Cir. 1995); Wyerick v. Bayou Steel Corp., 887 F.2d 1271, 1274 (5th Cir. 1989).

The burden shifting analysis applicable in employment retaliation claims not founded upon violations of constitutional rights is prescribed by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1121-22 (5th Cir. 1998). Under McDonnell Douglas, once Romano

---

[3] "It shall be unlawful for a person . . . to retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this Chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this Chapter." La.Rev.Stat. § 51:2256 (in pertinent part).

establishes a prima facie case of retaliation,[4] the burden shifts to Citizens to come forward with a legitimate, nondiscriminatory reason for the adverse employment action. See Sherrod, 132 F.3d at 1122. If Citizens satisfies this burden by advancing a legitimate reason for the adverse employment action, Romano must then adduce sufficient evidence that would permit a reasonable trier of fact to find that the proffered reason is a pretext for retaliation. See id. Because the ultimate issue is whether Citizens unlawfully retaliated against Romano, Romano must prove that the adverse employment action would not have occurred "but for" the protected activity. See id. (citing Long v. Eastfield College, 88 F.3d 300, 308 (5th Cir. 1996)).

Specifically, Citizens contends that Romano failed to produce sufficient evidence of an adverse employment action, or to establish that "but for" his protected conduct, he would not have suffered the adverse employment. Preliminarily, the district court properly concluded that Romano presented sufficient evidence from which a reasonable jury could conclude that Citizens offered him a position it suspected he might reject as a pretext for firing him.

---

[4]A prima facie case of unlawful retaliation is established by evidence (1) that the employee engaged in protected activity, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action -- and this causal link in the prima facie case is much less onerous to prove than the "but for" causation requirement in the ultimate issue of retaliation. See Sherrod, 132 F.3d at 122 n.8 (citing Long, 88 F.3d at 305 n.4). The prima facie causal link is established by evidence showing that the employer's decision to take the adverse action was based in part on knowledge of the employee's protected activity. See Sherrod, 132 F.3d at 122.

This termination constitutes an adverse employment action.

Romano established a prima facie case of retaliation by demonstrating that he engaged in protected activity by complaining of alleged sexual harassment of a female co-employee, age discrimination, and the creation of a hostile work environment by Cohen; that he was terminated; and that a causal link existed between the protected activity and the termination. Citizens satisfied its burden under McDonnell Douglas by advancing a legitimate, nondiscriminatory reason for the termination: that Romano's actions in rejecting the job offer constituted a resignation. Romano produced substantial evidence that the proffered legitimate reason was pretext. Specifically, Romano demonstrated that he had never expressed an intention to resign, that company policy did not construe his refusal as a resignation, that the written job offer did not indicate that declining the offer would constitute a resignation, that the written offer did not indicate that Romano's Accounts Receivable position was being terminated, that the person making the offer never indicated that refusal would constitute a resignation, and that he was terminated the day after he declined the promotion.

Citizens asserts that as to the ultimate issue of retaliation the jury could not have reasonably found that he would not have been terminated "but for" his protected activity as required in Sherrod. The district court addressed this contention by stating:

> A reasonable jury could, and apparently did, conclude
> from [the contents of the written job offer] and other
> evidence presented at trial that Citizens retaliated

7

against Romano by offering him a position it suspected that he might reject, as a pretext for firing him. It is permissible for a jury to draw such inferences in an employment discrimination or retaliation case, since direct evidence of such conduct is rarely available. This was a reasonable and legally sufficient inference from the trial record as a whole, so that grounds for judgment as a matter of law do not exist.

Minute Entry, May 12, 1999 p.3 (addressing Citizens's renewed motion for judgment as a matter of law). Citizens argues that Romano failed to meet the "but for" test of causation because even if the jury could have reasonably disagreed with Citizens's view that Romano had resigned, there was no evidence that Romano's job as Accounts Receivable Manager was not being eliminated as a result of the company's implementation of a new corporate structure and accounting system to facilitate its expansion. In short, Citizens cites Long v. Eastfield College, 88 F.3d at 305 n.4, for the proposition that no liability for unlawful retaliation arose since Romano would have been terminated even in the absence of the protected conduct.

Our review of the record on appeal does not indicate that the trial court's assessment of the sufficiency of the evidence was erroneous. The evidence showed that Don Hare, the Vice President of Human Resources for Citizens's Public Services Sector, the person who made the decision to terminate Romano, was aware of Romano's protected activity and inquired of Romano's former boss whether Romano had a history of pursuing such claims. Hare

testified that he regarded Romano as "flippant," a "troublemaker," and having a "chip on his shoulder."  Cohen testified that solely as a result of Romano's discrimination complaints against Cohen in August 1997, he was personally offended, he regarded the allegations as unfounded, he deemed Romano less trustworthy, and he became concerned about Romano's sense of judgment.  The jury also heard testimony from a former manager of accounting at Citizens who voluntarily resigned after Cohen attempted to convince him to stay on at Citizens and who was given an exit interview with Human Resources and was not escorted out of the building and to his car - all of which differed markedly from the treatment given to Romano upon his termination.  Finally, Romano presented evidence that the Harvey office of Citizens was actually increasing the number of employees during the time period at issue.

The jury was presented with conflicting evidence and was required to assess the credibility of the witnesses, and this court is ill-positioned to disturb this assessment and may not properly weigh the evidence.  See Ray v. Iuka Special Municipal Separate Sch. Dist., 51 F.3d 1246, 1251 (5th Cir. 1995)(citing and quoting Johnson v. Chapel Hill Ind. Sch. Dist., 853 F.2d 375, 381 (5th Cir. 1988)).  Romano produced substantial evidence on the ultimate issue of retaliation such that reasonable and fair minded persons might reach different conclusions, and judgment as a matter of law was properly denied.  See Boeing Co. v. Shipman, 411 F.2d at 374-75.  Accordingly, we affirm the district court's denial of judgment as a matter of law for Citizens.

Citizens argues that the evidence established that Romano would have left the employ of Citizens on December 31, 1998. Thus, Citizens contends that the award of front pay by the district court for an 18 month period extending beyond the end of 1998 by approximately four months was an abuse of discretion. The evidence relied upon by Citizens is a memorandum written by Romano that indicated a desire to retire at the end of 1998 if Citizens would then treat him as if he was 55 years old with ten years of service for purposes of its retirement plan. Because on December 31, 1998 Romano would have been only 49 years old, whether Citizens would have credited him with six years of service to satisfy the conditional offer of retirement calls for undue speculation since Citizens terminated Romano's employment on October 10, 1997 having never responded to the memorandum. Therefore, we conclude that the district court's award of front pay was not an abuse of discretion.

Finally, as the only argument against the award of attorney fees is that a reversal of the retaliation judgment would undermine the sole legal basis of the fee award, see La. Rev. Stat. § 51:2264, because we affirm the judgment awarding damages on the retaliation claim, the award of attorney fees is likewise affirmed.

### Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

10