Dear Mr. Landry:
We received your request on behalf of Iberia Parish Hospital Service District No. 1 d/b/a Iberia Medical Center regarding an incentive compensation agreement to be entered into by Iberia Medical Center and individual physicians employed by the Center. You specifically question whether the incentive compensation constitutes an illegal bonus.
Article 7, Section 14 of the Louisiana Constitution prohibits the state or any one of its political subdivisions from loaning, pledging, or donating funds, property, or things of value to or for any person. Our office has consistently opined that the payment of a bonus or other gratuitous, unearned payment to public employees is prohibited by Article 7, Section 14. See Atty. Gen. Op. Nos. 01-0406 and 00-125. Conversely, it is our opinion that Article 7, Section 14 does not prohibit an earned increase in compensation. Thus, the payment of additional compensation to public employees must be in the form of a salary increase for future services. It may not be given as extra compensation for past services. See Atty. Gen. Op. Nos. 00-125 and 96-150.
The proposed incentive compensation agreement provides that the physician who chooses to participate takes on additional duties, as outlined in the agreement, in exchange for additional compensation. The additional compensation is a proportionate share of an amount equal to forty percent of the "incremental margin" as defined in the agreement. Thus, the issue is whether or not the incentive compensation agreement is a salary increase for future services or extra compensation for past services. The determination of such is purely factual.
A leading case on this issue is Varnado v. Hospital Service DistrictNo. 1 of the Parish of Assumption, 730 So.2d 1066 (La.App. 1st Cir.1999). In Varnado, the court considered a contract which included "Revenue-Enchancement Compensation" for the hospital administrator. The administrator received a base salary but, as per the "Revenue-Enhancement Compensation" provision, he was to also receive a percentage of total revenues generated in excess of the hospital revenue receipts. The appellate court upheld the trial court's decision that such compensation was in fact a bonus which is prohibited by Article 7, Section 14 of the Constitution. The court noted that the enhancement compensation was not based upon the services provided only by the administrator; rather, it was based upon the performance of other individuals in the hospital. Additionally, the court noted that the enhancement compensation was for the normal duties of the administrator. There were no extra duties assigned to him beyond his regular duties.
The incentive compensation agreement at issue certainly provides for additional duties. However, it is not based solely upon the services provided by the participating physician. Rather, it is based upon the operations of the children's center, well-baby clinic, inpatient and outpatient pediatric operations and the Medicaid community care program, i.e., the performance of other individuals in the Center.
Additionally, the agreement provides for "Additional Bonus Compensation" which is also based upon the performance of other individuals in the Center and requires no additional duties to be performed by the physician. This is paid on top of the incentive compensation.
In light of the above, it is our opinion that the proposed incentive compensation agreement violates Article 7, Section 14 of the Louisiana Constitution. Although the agreement requires that the participating physician perform additional duties, the incentive compensation is not based on the physician's performance but rather on the performance of other individual's in the Center. The "Additional Bonus Compensation" provided for in the agreement clearly appears to be extra compensation for past services.
We trust that this adequately responds to your request. If you have any questions or need additional information, please do not hesitate to contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: September 13, 2002