STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-218

KATINA MARIA GUIDRY

VERSUS

GLAZER'S DISTRIBUTORS OF LOUISIANA, INC.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20084966
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.

**Thibodeaux, Chief Judge, dissents and assigns written reasons.**

AFFIRMED.

Leonard Knapp, Jr.
Attorney at Law
P. O. Box 1665
Lake Charles, LA 70602
(337) 439-1700
Counsel for Plaintiff/Appellant:
    Katina Maria Guidry

Michael S. Mitchell
Fisher  & Philips LLP
201 St. Charles Avenue, Suite 3710
New Orleans, LA 70170
(504) 522-3303
Counsel for Defendant/Appellee:
    Glazer's Distributors of Louisiana, Inc.

**DECUIR, Judge.**

Katina Maria Guidry appeals the trial court's award of summary judgment in favor of Glazer's Distributors of Louisiana, Inc. (Glazer's), dismissing her action for employment discrimination in violation of La.R.S. 23:332. Guidry, whom Glazer's terminated after she failed to report for work as scheduled, alleges that Glazer's terminated her because of her gender. Glazer's argues that it terminated Guidry after she violated company policy. The trial court granted Glazer's motion for summary judgment, concluding that Glazer's set forth a legitimate nondiscriminatory reason for Guidry's termination and that Guidry failed to offer evidence that Glazer's treated her disparately. For the following reasons, we affirm the judgment of the trial court.

## FACTS

At the time of her termination, Guidry was one of two women employed in the warehouse at Glazer's. Guidry normally worked the night shift at Glazer's, beginning at 5:00 p.m. and ending at approximately 3:30 a.m. the next day. The incident leading to Guidry's termination arose when Guidry learned that a close family friend had died. The day before the friend's funeral, Guidry asked her supervisor, Kevin Courville, if she could attend the funeral. Courville indicated that they were shorthanded and never gave Guidry express permission to take the night off.

On the morning of the funeral, Guidry called into work and left a message stating that she would not work her evening shift as scheduled. She then attended the funeral. Despite the fact that two of her fellow employees attended the funeral and returned to work, Guidry did not come in to complete her shift after the funeral. She returned to work the following business day. When she returned, Courville consulted with the Human Resource Director, Rusty Harmount, and the Branch Manager, John O'Reilly, before taking action. Glazer's terminated her. Approximately one year

prior to Guidry's termination, Terry Matte overheard Courville commenting that he was not going to hire any more women to work in the warehouse. Steven Breaux and Nanette Leger also reported hearing a similar comment approximately one year after Guidry was terminated.

Guidry filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and later brought this action. The trial court granted Glazer's motion for summary judgment, and Guidry appeals.

## LAW AND DISCUSSION

Guidry contends that the trial court erred in granting Glazer's motion for summary judgment. We disagree.

In reviewing a motion for summary judgment, an appellate court "applies the *de novo* standard of review, 'using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.'" *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (quoting *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A genuine

2

issue is one in which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Id.* Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/13/03), 853 So.2d 645.

Guidry alleges that Glazer's violated La.R.S. 23:332, which states in relevant part:

> A. It shall be unlawful discrimination in employment for an employer to engage in any of the following practices:
>
> (1) Intentionally . . . to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's . . . sex . . . .
>
> (2) Intentionally limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee, because of the individual's . . . sex. . . .

To recover, Guidry must prove that her gender played a part in the termination of her employment. She may establish gender discrimination through either direct or circumstantial evidence. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004).[1] The nature of the evidence determines the framework to be used in analyzing

---

[1] Louisiana Revised Statutes 23:332 is substantially similar to Title VII of the Civil Rights Act of 1964. Thus, the outcome will be the same under the federal and state statutes. *LA Day v. Catalyst Tech., Inc.*, 302 F.3d 474 (5th Cir. 2002) (citing *Trahan v. Rally's Hamburgers, Inc.*, 96-1837 (La.App. 1 Cir. 6/20/97), 696 So.2d 637).

Guidry's claim. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613 (1985).

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973) establishes the procedural framework for analyzing motions for summary judgment in cases which rely on circumstantial evidence of intentional discrimination. Under the *McDonnell Douglas* framework, Guidry must first establish a *prima facie* case of discrimination. *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413 (5th Cir. 2006). To establish a *prima facie* case, Guidry must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) others outside the protected class who were similarly situated were more favorably treated. *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521 (5th Cir. 1998). If Guidry establishes a *prima facie* case of discrimination, a presumption of discrimination arises, and the burden shifts to Glazer's to produce a legitimate, non-discriminatory reason for the challenged actions. If the employer produces a legitimate, non-discriminatory reason for the termination, the burden then returns to Guidry to raise a genuine issue of material fact that the non-discriminatory reason offered by Glazer's is merely pretextual. *Willis*, 445 F.3d at 413.

Guidry may meet the burden of demonstrating pretext and thus avoid summary judgment "if the evidence taken as a whole (1) creates a fact issue as to whether each of [Glazer's] stated reasons was what actually motivated [Glazer's] and (2) creates a reasonable inference that [gender] was a determinative factor in the actions of which [Guidry] complains." *Vadie v. Miss. State Univ.*, 218 F.3d 365, 374 n.23 (5th Cir. 2000).

4

Guidry contends that she was wrongfully terminated because of her gender. Specifically, she asserts that though she was terminated when she failed to report to work after calling in, other similarly situated male employees received a less harsh method of discipline when they engaged in the same conduct.

Because Guidry has not offered direct evidence of discrimination, her claim is properly analyzed under the *McDonnell Douglas* framework. As noted above, to establish a *prima facie* case of discrimination, Guidry must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment decision; and (4) similarly situated male employees were treated more favorably.

Glazer's does not dispute that Guidry satisfies the first three prongs of the *prima facie* standard. They question, however, whether Guidry offered appropriate "similarly situated" comparators who Glazer's treated more favorably than she. For this court to compare Guidry to other employees, she must show that she "was similarly situated to those other employees in terms of performance, qualifications, and conduct" and that no other unique facts differentiated their situations. *Lester v. Sec'y of Veterans Affairs*, 514 F. Supp.2d 866, 874 (W.D. La. 2007).

We find that Guidry has not identified similarly situated comparators. Guidry cites two full-time warehouse workers, Earl LeBlanc and Casey Howard, whom Leger identified as individuals who missed work without notice and were not terminated. Rather, Glazer's gave them "occurrences." These individuals held the same position as Guidry, however, they were not engaged in the same conduct. Guidry did not just miss work without notice. Guidry sought permission to miss work and when that permission was not granted, she missed work anyway. Moreover

unlike some of her other coworkers, she missed her entire shift when she could have come in after the funeral services. Her actions are clearly distinguishable from the comparators she offers. Accordingly, we conclude that Guidry failed to establish a *prima facie* case under the *McDonnell Douglas* framework.

Even if this were not the case, establishing a *prima facie* case merely shifts the burden to Glazer's to offer a legitimate, non-discriminatory reason for Guidry's termination. Glazer's submits that Guidry was insubordinate and violated company policy by not reporting to work as scheduled. When an employer claims that an employment decision was based on a legitimate reason, two questions must be posed. First, objectively, is the reason given "legitimate" under Title VII? *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07, 113 S.Ct. 2742 (1993). If the reason is illegitimate on its face, the employer is liable. *Id.* Second, subjectively, is the employer's reason merely a pretext for discrimination? *Id.* If so, then the employer is again liable. *Id.*

Here, we find that Glazer's reason for Guidry's termination is legitimate on its face. Guidry failed to show up for her shift after having failed to obtain permission to do so. This was clearly insubordinate behavior and a violation of company policy. Guidry's allegations regarding statements by Courville in no way justify her insubordination nor call into question the legitimacy of Glazer's actions in terminating her.

Summary judgment procedure is favored in Louisiana and is designed to secure the just, speedy, and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2). *Cheramie Services, Inc. v. Shell Deepwater Prod., Inc.*, 09-1633 (La.

6

4/23/10), 35 So.3d 1053. Glazer's motion for summary judgment was properly granted.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of these proceedings are taxed to appellant, Katina Maria Guidry.

**AFFIRMED.**

KATINA MARIA GUIDRY

VERSUS

GLAZER'S DISTRIBUTORS OF LOUISIANA, INC.

**THIBODEAUX, Chief Judge, dissenting.**

Ms. Guidry clearly offered evidence upon which a trier of fact could conclude that Glazer's proffered reason for termination was discriminatorily pretextual. Mr. Courville's statement that he "[was] not going to hire any more women to work in the warehouse because they [were] too much trouble" evinces an intent to discriminate.

The comment Mr. Courville made clearly relates to women, and it was made only two weeks following Ms. Guidry's termination. Moreover, Mr. Courville had authority over Ms. Guidry's employment. Finally, the comment's temporal proximity to Ms. Guidry's termination lends credence to the assertion that it related to that event.

Earl LeBlanc and Casey Howard, contrary to the majority's assertion, were engaged in the exact conduct as Ms. Guidry. The majority's language implies that Ms. Guidry was unequivocally denied permission when, in fact, she received no response to her request to attend her friend's funeral. Unlike the majority's misplaced characterization, her action was not tantamount to insubordination. At least, Ms. Guidry attempted to give notice and obtain authorization. LeBlanc and Howard did not bother to even *attempt* notice. Even assuming Ms. Guidry's action was

insubordinate, LeBlanc's and Howard's actions are even more egregious examples of insubordination. Yet, they were rewarded with continued employment, while Ms. Guidry suffered the ultimate disciplinary action—termination.

Ms. Guidry also offers evidence that since assuming his position as operations manager, Mr. Courville has not terminated any other employee for not reporting to work. Finally, Ms. Guidry submits that of the approximately ten persons hired by Mr. Courville to work in the warehouse since Ms. Guidry's termination through the date of his deposition, none of the new hires was a woman.

In construing the facts in a light most favorable to Ms. Guidry, I conclude that she has raised a genuine issue of material fact as to the motive and intent of Glazer's agent, Kevin Courville. "Summary judgment is seldom appropriate for determinations based on subjective facts, such as motive, intent, good faith, knowledge and malice." *Smith*, 639 So.2d at 751 (citing *Penalber v. Blount*, 550 So.2d 577 (La.1989)). *See also, Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226. Mr. Courville's motive and intent are factors that should be explored by a trier of fact.

Thus, I conclude that the trial court erred in granting summary judgment in favor of Glazer's. I would reverse the trial court's granting of summary judgment and remand this case for further proceedings.

For the foregoing reasons, I dissent.