| SABRINA RICHARDSON | * | NO. 2024-CA-0556 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| NEW ORLEANS POLICE DEPARTMENT | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9406

\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Kevin Vincent Boshea
ATTORNEY AT LAW
2955 Ridgelake Drive, Suite 207
Metairie, LA 70002

      COUNSEL FOR PLAINTIFF/APPELLANT

Donesia D. Turner
Corwin M. St. Raymond
William R. H. Goforth
CITY ATTORNEY
1300 Perdidio Street
Room 5E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

                                      **AFFIRMED**
                                      **March 31, 2025**

*RDJ*
*JCL*
*SCJ*

The appeal concerns a discrimination appeal brought before the New Orleans Civil Service Commission ("Commission"). Sabrina Richardson ("Richardson") alleges the New Orleans Police Department ("NOPD") discriminated against her because of her sex when she was demoted from probationary Police Captain to Police Lieutenant, her previous position with the NOPD. Richardson seeks review of the Commission's final decision issued on July 15, 2024, in CS No. 9406, wherein the Commission denied Richardson's appeal of her demotion by the NOPD. For the reasons that follow, we affirm the Commission's judgment.

## FACTS AND PROCEDURAL HISTORY

Richardson became a probationary Police Captain for NOPD on November 8, 2021, commanding the Public Integrity Bureau ("PIB"). While serving as both Police Lieutenant and probationary Police Captain, Richardson was involved in multiple PIB investiagtions regarding misconduct related to her secondary employment from 2019 to 2021. Of relevance to this appeal is PIB Case #2021-0697-P, which stemmed from a public complaint regarding Richardson's activities during paid secondary employment shifts ("details") on November 22, 2021. The invesitgation into PIB Case #2021-0697-P began on December 5, 2021, and

concluded on March 16, 2022.[1]  Following a pre-disciplinary hearing on August 24, 2022, NOPD issued a disciplinary letter to Richardson on October 17, 2022, sustaining seventeen overlap violations.  Richardson also had timesheets indicating that she was working details at the same time she was reported working regular NOPD shifts, as well as payroll violations and leaving details early without notifying the Office of Police Secondary Employment ("OPSE").  The total suspension for Richardson for all violations was 164 days, later reduced to 119 days as the maximum suspension penalty was 120 days.

In addition to the 119-day suspension, Richardson was demoted from her position as probationary Police Captain back to her original position as Police Lieutenant on October 5, 2022.  NOPD based the decision to demote Richardson on her multiple instances of police misconduct and the nature of the misconduct, determining that her conduct was unbecoming of a probationary employee and that she had not met the requirements to achieve permanent status as a Police Captain.

Richardson filed an appeal with the Commission on October 20, 2022 regarding her suspension.  The Commission issued its initial decision on September 13, 2023, and issued an amended decision on October 2, 2023, after NOPD filed a motion for re-hearing on September 22, 2023.  Richardson also timely appealed her demotion on October 31, 2022.  In her appeal, Richardson alleged that her demotion was based on sex discrimination.  A Civil Service Hearing concerning Richardson's demotion was held on February 7, 2024 and February 27, 2024.  On July 16, 2024, the Commission denied Richardson's appeal, determining that she failed to make a *prima facie* showing of sex

---

[1] Richardson was also the subject of PIB Case #2022-0239-P and PIB Case #2022-0350-P, investigations which resulted from public complaints; Case #2022-0239-P included an allegation of payroll fraud.

discrimination and that NOPD had a legitimate, non-pretextual reason for demoting her. Richardson filed this timely appeal of that decision.

**STANDARD OF REVIEW**

Decisions made by the Commission "shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located." La. Const. art. X, § 12. "Questions of law and procedure are reviewed *de novo*." *Moton v. Sewerage & Water Bd. of New Orleans*, 22-0747, p. 8 (La. App. 4 Cir. 5/10/23), 368 So.3d 151, 156 (citations omitted). Mixed questions of law and fact "should be accorded great deference by the reviewing court under the manifest error standard of review." *Banks v. New Orleans Police Dep't*, 01-0859, p. 3 (La. App. 4 Cir. 9/25/02), 829 So.2d 511, 514 (citations omitted). Regarding a question of fact, "a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the commission's factual findings." *Walters v. Dep't of Police of City of New Orleans*, 454 So.2d 106, 113 (La. 1984) (citations omitted). Furthermore, when reviewing a commission's factual findings, "the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous" and "the court should not modify the commission's order unless it is arbitrary, capricious or characterized by abuse of discretion." *Id.* at p. 114. *See also Liang v. Dep't. of Police*, 13-1364, p. 8 (La. App. 4th Cir. 8/20/14) 147 So.3d 1221, 1225. A commission makes an arbitrary or capricious decision if there is no rational basis for the action. *Bannister v. Dep't of Streets*, 95-0404, p. 8 (La. 1/16/96), 666 So.2d 641, 647.

Regarding discrimination appeals, an employee who is "discriminated against [on the basis of sex] shall have the right of appeal to the appropriate

4

commission...[t]he burden of proof on appeal, as to the facts, shall be on the employee." La. Const. art. X, § 8. As this appeal concerns the Commission's factual findings regarding Richardson's claim of sex discrimination, we apply the clearly wrong or manifest error standard in determining whether the Commission made an arbitrary or capricious decision in finding that Richardson failed to make a *prima facie* case of sex discrimination.

## DISCUSSION

A regular employee as defined by Civil Service Rule I, §1(64) is "an employee who has been appointed to a position in the classified service in accordance with the Law and these Rules and who has completed the working test period." A probationary employee as defined by Civil Service Rule I, §1(81) is "an employee who has been appointed to a position from an employment list, but who has not completed the working test period." Regarding appeals for regular employees, Civil Service Rule II, §4.1 states that "[r]egular employees in the classified service shall have the right to appeal disciplinary actions to the Commission, including dismissal, involuntary retirement, demotion, suspension, fine, reduction in pay, or letters of reprimand as defined in Rule I." Probationary employees are not permitted appeals unless "they have been discriminated against because of their political or religious beliefs, sex, race, age, disability or sexual orientation." Civil Service Rule II, §4.5. *See Moton*, 22-0747, p. 10, 368 So.3d at 157. Although Richardson appealed both her suspension and her demotion, of relevance to this appeal is solely the facts concerning her demotion, as Richardson alleges that her demotion was the result of sex discrimination.

To establish a *prima facie* case of sex discrimination, Richardson needed to show (1) she is a member of a protected class; (2) she was qualified for her

5

position; (3) she suffered an adverse employment decision; and (4) similarly situated male employees were treated more favorably. *Guidry v. Glazer's Distrib. of La., Inc.*, 10-218, p. 4 (La. App. 3rd Cir. 11/3/10) 49 So.3d 586, 590. While Richardson was able to meet the first three requirements, she failed to satisfy the fourth. It is undisputed that Richardson is a member of a protected class, as she is a woman. She was qualified for the position of probationary Police Captain based on her years of experience at NOPD and her previous position as Police Lieutenant. And, she suffered an adverse employment decision when she was demoted from Captain to Lieutenant, as this decision lowered her rank within NOPD. However, Richardson failed to demonstrate that similarly situated male employees were treated more favorably by NOPD.

The standard for "similarly situated" requires that Richardson "be similarly situated to those other employees in terms of performance, qualifications, and conduct, and that no other unique facts differentiate[] their situations." *Guidry*, 10-218, p. 5, 49 So.3d at 591 (quoting *Lester v. Sec'y of Veterans Affairs*, 514 F. Supp.2d 866, 874 (W.D. La. 2007)). Importantly, the conduct of Richardson and to whom Richardson was compared for purposes of the analysis must have been nearly identical because "[i]f the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer, the employees are not similarly situated for the purposes of an employment discrimination analysis." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Factors such as working for different divisions of a company or having different work responsibilities also affect whether situations are sufficiently similar. *Id*.

Richardson offered Kendrick Allen ("Allen") and Eric Guillard ("Guillard") as comparisons for purposes of a sex discrimination analysis. Both Allen and Guillard were male employees of NOPD. Both served as probationary Police Captains at the same time as Richardson. Like Richardson, Allen and Guillard also had timesheets indicating they were working paid details at the same time they reported working regular NOPD shifts. Unlike Richardson, Allen and Guillard went on to become permanent Police Captains. Richardson argues that Allen and Guillard were treated more favorably despite having committed the same type of violations. However, the Commission noted key distinctions between Richardson and the two male employees in its decision. Richardson was commanding officer of PIB during her time as probationary Captain, therefore her job duties were different from those of Allen and Guillard. Furthermore, Richardson left details early without informing OPSE, a type of misconduct neither Allen nor Guillard committed. This type of misconduct involves receiving wages from a secondary employer for time not worked and could not be accounted for by a data entry mistake, as could the overlap violations committed by Richardson, Allen, and Guillard.

As a result of these significant differences, Richardson failed to make a *prima facie* showing of sex discrimination. Richardson failed to establish that she was treated differently from similarly situated male counterparts because there were unique facts that differentiated Richardson from Allen and Guillard. The differences in Richardson's conduct and job duties accounted for her different treatment, not her sex. Therefore, we find no manifest error in the Commission's decision to deny Richardson's appeal.

**DECREE**

7

For the reasons discussed above, we affirm the Commission's decision denying Richardson's appeal of her demotion from probationary Police Captain to Police Lieutenant.

**AFFIRMED**